MARY A. ALLEN *vs*. SAMUEL P. COOK, City Treasurer.

PROVIDENCE—JANUARY 24, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Liability of Municipality for Ice on Sidewalks. Proximate Cause. Negligence.*

In an action against a city for injuries received by the neglect of the city to keep one of its sidewalks safe and convenient for travel, it appeared that the defect was a gutter in the concrete sidewalk, twenty inches wide, and three inches deep in the middle. At the time of the accident the bottom of the gutter was not a true grade, so that the accumulated water did not all run off after rains. During the twenty-four hours preceding the accident a very heavy snow-storm had occurred. The plaintiff slipped on the ice in the gutter and was injured :—

*Held,* under the provisions of Gen. Laws R. I. cap. 72, § 13, that the mere presence of the ice, in the absence of the notice required by said section, was not enough to render the city liable ; but the gutter must in itself have constituted such a defect as would have rendered the city liable, in case the accident had happened by reason of it, in the absence of the ice.

*Held,* further, that the jury might fairly have inferred that the origin of the ice was caused by the negligent condition of the gutter and the artificial accumulation of water therein but for the fact of the snow-storm preceding the accident, and that the ice might have been caused by the treading down of snow by travel over the sidewalk.

TRESPASS ON THE CASE for negligence. Heard on petition of defendant for new trial. New trial granted.

MATTESON, C. J.   This is an action of trespass on the case to recover from the city of Woonsocket damages which the plaintiff claims to have sustained by the neglect of that city to keep one of its sidewalks safe and convenient for travel.

The defect complained of is a gutter across the sidewalk on Main street, near the St. James Hotel.   This gutter, as the testimony shows, is twenty inches wide, and three inches deep in the middle.   It was made in July, 1892, in the concrete at the time the sidewalk was laid, and was designed to carry away water from the adjacent land ; but at the time of the accident to the plaintiff the bottom of the gutter was not a true grade, and the concrete was broken also on its side, so that the water which had accumulated did not all run off after rains and the washing of the hotel windows, but some of it was held back and would stand in pools varying in size from that of a saucer to that of a platter.   On the evening of February 2, 1898, at about eight o'clock, the plaintiff, while passing along the sidewalk, slipped on the ice in the gutter and fell to the sidewalk, breaking her wrist and injuring herself otherwise.   The case was tried in the Common Pleas Division and resulted in a verdict for the plaintiff, and is now before us on the defendant's petition for a new trial for error in rulings, and also on the ground that the verdict is against the evidence.

We find no error in the rulings excepted to, but a majority of the court is of the opinion that a new trial should be granted on the ground that the verdict is not supported by the evidence.

(1)   A city is not liable for injury to person or property caused by snow or ice obstructing any or any part of its highways, unless notice in writing of the existence of the particular obstruction shall have been given to the surveyor of highways within whose district such obstruction exists at least twenty-four hours before the injury was caused, and the city or such surveyor shall not thereupon within that time have commenced the removal of such obstruction or caused any sidewalk which may have been obstructed by ice to be rendered passable by spreading ashes or other like substance

thereon. Gen. Laws R. I. cap. 72, § 13. *Winsor* v. *Tripp*, 12 R. I. 454. The mere presence of ice, therefore, on which the plaintiff slipped, in the absence of notice in accordance with the statute, is not enough to render the city liable. It is necessary for the plaintiff, in order to recover, to adduce evidence, as was done in *Hampson* v. *Taylor*, 15 R. I. 83, that the accident would not have occurred but for the gutter; or, in other words, that the gutter as it existed at the time of the accident constituted such a defect as would have rendered the city liable, in case the accident had happened by reason of it, in the absence of the ice. The record contains no evidence as to the dangerous character of the gutter apart from the presence of the ice.

In *Winsor* v. *Tripp*, 12 R. I. 454, it was held that the provisions of Gen. Stat. R. I. cap. 60, § 15, of which Gen. Laws R. I. cap. 72, § 13, is a re-enactment, applied to obstructions by snow and ice occasioned by artificial as well as natural causes; but the query was suggested whether the exemption of the statute would apply in case the obstruction causing the injury was occasioned by the act of the city. If the plaintiff claims that the present case is not within the exemption because the presence of the ice was due to the negligence of the city in maintaining the gutter in its defective condition at the time of the accident, and the artificial accumulation of water in the gutter, it is incumbent on her to show that the origin of the ice was due to this cause. This the testimony does not show, but it was left to be inferred by the jury from the presence of the ice. This might, perhaps, have been a fair inference but for the fact shown by the testimony that there had been during the twenty-four hours preceding the accident a very heavy snow-storm, and the ice on which the plaintiff slipped may have been caused by the treading down of the snow by travel over the sidewalk. One of the witnesses for the plaintiff testified that the ice on which the plaintiff slipped was "ridgy," and another that it was "rough, ridgy," which would indicate that it was due to the latter cause rather than to the former.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

TILLINGHAST, J. (dissenting)  I cannot concur in the foregoing opinion, and will briefly give my reasons for dissenting therefrom.

The evidence shows that at the time of the accident there was a gutter or gully in the sidewalk in question, where, by reason of the conformation thereof, water would collect during rains, and also from the washing of windows in the buildings adjoining the sidewalk at this place, and that said gutter was so constructed and maintained that the water thus collected could not all flow off; also, that the concrete in the bottom of the gully was broken and had several times been patched by the city; also, that the sidewalk could easily have been so constructed as to turn the water therefrom into the streets proper, without any gutter or gully.  It appears that said sidewalk was constructed by the defendant city; that it was on a principal street near the centre of the city, and in one of the most thickly settled portions thereof.  The plaintiff and several of her witnesses testify that at the time of the accident this gully or gutter was filled with ice, some of the witnesses saying that it was practically smooth ice, others that it was ridgy and slanting, and still others that it was a regular cake of ice rounded off and slanting; but all testify that it was ice.  The plaintiff swears that she slipped on this ice on the evening of the second of February, 1898, and received the injuries for which she claims damages, and that she was walking very carefully at the time.  Other witnesses swear that they saw her slip and fall on said ice, and assisted her immediately afterwards; also, that other persons besides the plaintiff slipped on the same piece of ice on the evening in question, and they denominate it a dangerous place.  The decided preponderance of the evidence is that the snow had all been cleared off from the sidewalk in front of the building where the accident happened before the happening thereof on the evening of February second, so that there was no obstruction there except the gutter and the ice therein.  The

evidence further shows that for two or three days next previous to the accident the temperature had been considerably below the freezing point. So that the ice formed in the gutter must have formed there before the heavy fall of snow which is so much relied on by defendant as the cause of the accident. The following facts, then, either clearly appear, or, if not, there is abundant evidence of the existence thereof, namely :

(1) There was a gutter or gully in the sidewalk over three inches deep (the concrete in which was broken), from which water could not all flow off ; (2) whenever it rained, and whenever water was turned upon said sidewalk, it flowed into said gutter and remained there ; (3) it was midwinter at the time of the accident ; (4) the ice could not have formed there during the storm, or subsequently thereto and previous to the accident, on account of the low temperature ; (5) the sidewalk at this point was practically clear of snow, and this gutter was filled with ice ; and (6) the plaintiff slipped thereon and was injured. The ice being found in the gutter, and the temperature being so low that it could not have formed during the storm, the natural, and, indeed, the necessary inference is that it was there before the storm, and it was not necessary for the plaintiff to prove the day or hour when it was formed. It was there, and the plaintiff fell upon it, and it would not have been there had the sidewalk been properly constructed, and it was competent for the jury to find that a sidewalk constructed as this one was, in the centre of a city, was defective. *Yeaw* v. *Williams*, 15 R. I. 20; *McCloskey* v. *Moies*, 19 R. I. 299–300; *Sauthof* v. *Granger*, 19 R. I. 608; *Hall* v. *Lowell*, 10 Cush. 260; *Stone* v. *Hubbardston*, 100 Mass. 49 ; Dillon on Mun. Cor. 4 ed. § 1003. The record therefore does, in my judgment, contain evidence of the dangerous character of the sidewalk, apart from the presence of the ice ; and the case, therefore, falls within the decision of this court in *Hampson* v. *Taylor*, 15 R. I. 83, as ruled by Judge Dubois in connection with the defendant's motion for a nonsuit. In that case this court, by Durfee, C. J., said :

" Where two causes combine to produce an injury, both in their nature proximate, the one being the defect in the highway and the other some occurrence for which neither party is responsible, the corporation is liable, provided the injury would not have been sustained but for the defect in the highway." Dillon on Municipal Corporations, ed. of 1881, § 1007. " It seems to us that this doctrine, at least where the concurring cause is a natural cause, or a pure accident for which no person is responsible, is the more reasonable doctrine. Indeed, we think it is the duty of the town, in making and mending its highways, to consider the natural effects of rain and snow and ice as affecting the safety and convenience of travel thereon, except so far as the statute exonerates them from duty in that regard." In *Yeaw* v. *Williams, supra*, this court, by Durfee, C. J., said : "The question of concurring causes was a question for the jury, under proper instructions from the court, which we must presume were given. We therefore cannot set the verdict aside unless it is palpably against the evidence."

In the case at bar there were two causes, or, rather, it was competent for the jury to find that there were two causes, of the accident—both in their nature proximate—namely, the gully in the sidewalk and the ice therein.

I entirely concur in the opinion of the majority of the court that a city is not liable for injury caused *solely* by the presence of snow or ice in a highway. The statute expressly exempts it from such liability except in cases where notice is expressly given. Gen. Laws R. I. cap. 72, § 13. But when, as in this case, there are two proximate causes, one the defect in the sidewalk and the other the presence of the ice in connection with such defect, which ice would not have been there but for the defect, thus making it a stronger case for the plaintiff in this regard than that of *Hampson* v. *Taylor*, the statute regarding notice has no application. Moreover, as already intimated, the presence of the ice which caused the plaintiff to slip and fall was occasioned by an artificial cause, which the city itself had created. And for this rea-

son, also, the city was not entitled to notice of the existence thereof.    See *Winsor* v. *Tripp*, 12 R. I. 454, at p. 456.

I am, therefore, of the opinion that the verdict ought to stand.

*Walter I. Ballou*, for plaintiff.

*Erwin J. France, City Solicitor*, for defendant.

