GRABINSKI, Respondent, v. .UNITED STATES ANNUITY &
LIFE INS. CO:, Appellant.

(145 N. W. 553.) ·

1.   Insurance—Life Insurance—Return of Premium—Statute.
Civ. Code, Secs. 1862, 1863, providing that insured is en-
titled to a return of premium paid, if the company has in-
curred no risk or liability under the policy for which the
premium was paid, is declaratory of the common-law rule.
2.   Judgment—Res Judicata—Matters Not Formerly Litigated.
Plaintiff deposited in escrow his note for first premium
on a life policy when plaintiff passed a medical examination
by insurance company's medical examiner.  No policy was
issued; but the note was wrongfully taken from escrow, and
transferred to state agent of the company, who obtained judg-
ment and enforced payment from plaintiff.  Held, that, as pay-
ment of the premium must first be made in order to recover
a return of one, under Civ. Code, Secs. 1862, 1863, the right
to a return of a premium was not concluded by the judgment
.on the note, such right not being pleadable or subject to
litigation in the former action.

(Opinion filed February 14, 1914.)

Appeal from ·Circuit ·Court, Faulk County.  Hon. JOSEPH
H. BOTTUM, Judge.

Action by Herman Gabrinski against the United States An-
nuity & ·Life Insurance Company, to recover the amount of
judgment recovered against plaintiff by defendant's agents upon
a promissory note alleged to have been wrongfully taken from
escrow, etc.  From a judgment for plaintiff, entered upon an order

overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Harry Kunkle,* for Appellant.

There is nothing in the plaintiff's complaint which tends to show that there was any fraud practiced upon the plaintiff in obtaining this judgment; or there is nothing to show but that the plaintiff has had his day in court. The doctrine of res adjudicata applies to this case. Weber et al v. Tchetter et al, 1 S. D. 205; Wilson County v. McIntosh (Kan.) 1 Pac. 572; Mabry v. Henry 83 N. C. 298; Dwight v. St. John 25 N. Y. 203, Howard v. City of Huron, 6 S. D. 180; Selby v. Graham 18 S. D., 365; Freeman on Judgments sec. 4858; Crim v. Handley 94 U. S. 652.

*Frank Turner,* for Respondent.

Section 1862 of the Civil Code gives the right to recover back the whole of insurance premiums, if the subject of the insurance is not subjected to any of the perils insured against.

It is alleged in both paragraphs six and seven of the complaint that no policy was ever executed or delivered, and that no risk or liability was ever incurred by the defendant Insurance Company. It is also alleged in paragraph seven of the complaint that the premiums were paid. These, and all other allegations of the complaint are confessed by the defendant's demurrer.

The section of the statute above cited is but declaratory of the law as it exists, independent of statute. 25 Cyc. 758; 16 Am. and Eng. Enc. 2nd Ed. 954; 2 Cooley's Briefs on Ins. 1037; Summers v. Mutual Life Ins. Co., L. R. A. 812; May on Ins. 2nd Ed. page 4, 23 Cyc 1106; 2 Black on Judgments Sec. 610; Lemon v. Signourney Savings Bank, 131 Iowa 79.

The cause of action in this case did not accrue until after judgment was obtained on the premium note, and the judgment was paid. The rule of res adjudicata does not apply. Howe Cold Tyre Setter Co. v. Ingraham, 83 Conn. 31.

McCOY, J. From the overruling of a demurrer to the complaint, defendant appeals. The complaint, in substance, alleges that defendant is a life insurance company; that plaintiff, in August, 1908, executed a promissory note for $93.80 for the first premium on a life insurance policy thereafter to be issued by the defendant on the life of plaintiff; that at the time of the making of said note the same was delivered and left in escrow with one

Edgerton, with the understanding and agreement between plaintiff and one Davis, the agent of defendant, that said note should not be delivered until plaintiff had passed a satisfactory medical examination to be made by said Edgerton; that thereafter the said note was wrongfully and fraudulently procured from said Edgerton by said Davis, who assigned and transferred the same to Walker & Walpole, general state agents of defendants; that the defendant never made, issued, or delivered, or attempted to make, issue or deliver, any policy of insurance upon the life of plaintiff; that no risk or liability on the insurance of the life of plaintiff was ever incurred by defendant, and that no risk or liability of any kind against defendant in favor of plaintiff, or any one on his behhalf, on insurance on the life of plaintiff ever attached or existed; that said note was wholly without consideration, and was never delivered; that notwithstanding said facts the plaintiff was obliged to and did pay to said Walker & Walpole in December, 1912, the sum of $150.50, on a judgment on said note obtained in the circuit court of Faulk county by said Walker & Walpole, and execution issued thereon. To this complaint, defendant demurred, on the ground that the same did not state facts sufficient to constitute a cause of action.

It is the contention of appellant that all the matters and things alleged in said complaint, which constitutes plaintiff's cause of action, were, or might have been, litigated in the action of Walker & Walpole, mentioned in the complaint, and that the same is res judicata, and that plaintiff is now estopped and concluded by said judgment from again litigating the same issues.

[1] Respondent bases his right to recover upon the provisions of sections 1862 and 1863, Civil Code, which, in substance, provides that the insured is entitled to a return of the premium paid where the insurer has never incurred any risk or liability under the policy for which the premium was paid. These sections of our Civil Code appear to be in consonance with the common-law rule. 25 Cyc. 758; 16 Am. & Eng. Ency. 954; 2 Cooley's Briefs on Insurance, 1037; May on Ins. p. 4; Summers v. Mutual Life Ins. Co., 12 Wyo. 369, 75 Pac. 937, 66 L. R. A. 812, 109 Am. St. Rep. 992.

[2] We are of the view that there would have to be a *payment* of premium before an action could be maintained to

recover a *return of premium* paid under this provision of the law. It would be immaterial how the original payment was accomplished, whether by voluntary payment, or by compulsory payment as the result of a suit; but payment of the premium is a necessary pre-requisite to the maintenance of a suit for a return of the premium paid. A return of the premium paid could not have been litigated or pleaded in the former action. A payment of the premium and the incurrence of no risk by the insurer is the gist of this action. There were many superfluous matters pleaded in the complaint, many of which could only have been litigated in the former suit; but there still remains a sufficient statement of facts pertinent to the gist of this action which was not pertinent to the former action, and which was not and could not have been an issue in that action. We hold that the demurrer was properly overruled.

The order appealed from is affirmed.