POMMARANE, Appellant, v. WASHABAUGH COUNTY, Respondent.

(249 N. W. 734.)

(File No. 7494. Opinion filed July 31, 1933.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*H. P. Gilchrist,* of Kadoka, for Respondent.

POLLEY, J. This is an appeal from an order sustaining a demurrer to plaintiff's complaint. The action is brought to recover on certain warrants drawn against the road fund of the unorganized county of Washabaugh, and the demurrer is based upon the ground that an unorganized county in this state is incapable of suing or being sued in any court. A county is an artificial being created by law, and has such powers only as are conferred upon it by statute. The general rule relative to the right of a county to sue and be sued is laid down in Corpus Juris (15 C. J. 663) as follows: "At common law a county could neither sue nor be sued, and it is only by virtue of express or implied statutory authority that any action can be maintained either in its behalf or against it.

* * * And an unorganized county cannot be sued although it is attached to an organized county for judicial purposes."

The only case that has been called to our attention where an attempt has been made to sue an unorganized county is Brewster County v. Presidio County, 19 Tex. Civ. App. 638, 48 S. W. 213, 215. In that case the right was denied; the court using the following language: "The statute has not made any provision for suits against an unorganized county, and, in the absence of such provision, we are constrained to hold that such suits cannot be entertained."

In this state the right of an organized county to sue and be sued is expressly granted by statute: "Each organized county is a body corporate for civil and political purposes only, and as such may sue and be sued, plead and be impleaded in any court in this state. * * *" Section 5791, Rev. Code 1919.

No mention is made of unorganized counties, but the clear implication of the above quoted section is that it is only organized counties of this state that can sue or be sued.

The demurrer was rightly sustained.

The order appealed from is affirmed.

ROBERTS and WARREN, JJ., concur.

RUDOLPH, P. J., and CAMPBELL, J., dissent.