STATE ex rel HOOPER, Appellant, v. TARR, Respondent.

(252 N. W. 854.)

(File No. 7650. Opinion filed February 23, 1934.)

*Walter Conway,* Attorney General, *Benj. D. Mintener,* Asst. Attorney General, and *W. J. Hooper,* Special State's Attorney, of Gregory, for Appellant.

*P. J. Donohue,* of Bonesteel, and *Charles A. Davis,* of Burke, for Respondent.

CAMPBELL, J. Defendant, Tarr, being a county commissioner of Gregory county, S. D., one Prchal, state's attorney of that county, instituted proceedings in the name of the state and

upon his own relation in the circuit court of Gregory county, S. D., for Tarr's removal from office, pursuant to section 7012, Rev. Code 1919, as amended by chapter 214, Laws 1929, providing in part as follows: "All county * * * officers * * * may be charged, tried and removed from office for misconduct, malfeasance, nonfeasance," etc.

After the matter had been submitted to the court, but prior to decision thereof, the state's attorney relator and the attorneys for the defendant entered into a written stipulation for the dismissal of such proceedings, pursuant to which an order of dismissal was entered. Thereafter one Fulwider made an affidavit to the effect that he was acting as county commissioner of Gregory county in place of one Bailey (another commissioner of said county against whom charges had been filed and who had been temporarily suspended from the exercise of office pending hearing); that a proposition was under consideration by the acting commissioners concerning the building of a courthouse in Gregory county and that deponent Fulwider, as acting county commissioner, had refused to vote in favor of contracting for the building of such courthouse though subjected to much pressure so to do; that the sheriff of Gregory county came to deponent's home and endeavored to induce deponent so to vote, and, when deponent refused, the sheriff stated that Prchal, the state's attorney, desired deponent so to vote, and, unless deponent did so vote, the state's attorney would dismiss the proceedings pending against the elected commissioners, whereby they would be reinstated; that immediately thereafter the state's attorney did procure an order dismissing the pending charges against defendant, Tarr, and reinstating him; that the state's attorney had previously insisted to deponent that there was sufficient evidence for Tarr's removal; "that this deponent is convinced that the sole reason for the State's Attorney changing his mind in the matter, was the court house deal; that this deponent is informed and verily believes that before the action was taken dismissing this case, that people went to see Mr. Tarr and Tarr agreed to vote for the court house should he be reinstated."

The Fulwider affidavit being presented to the judge before whom the proceedings against defendant, Tarr, had been conducted, an ex parte order was entered by the court in said matter as follows:

"This Court by its order dated August 21, 1933, having upon stipulation signed by the State's Attorney of Gregory County, South Dakota, the plaintiff, and the attorneys for the defendant, dismissed the action upon such stipulation; and it appearing from the affidavit of J. A. Fulwider, that there is reason to believe that the said agreement to dismiss the action was entered into in consideration of the defendant Ed B. Tarr, agreeing to vote for the building of a court house in the City of Burke at the present time, which, if in fact entered into, was fraudulent and an imposition on the court, and the court deeming that under the circumstances the said order should not stand and that the proceedings should be investigated, it is therefore,

"Ordered that said order dismissing said action, be, and the same is hereby wholly vacated and set aside, and the said Ed B. Tarr is restrained from acting as county commissioner until the further order of the court and that Julius Theone, the commissioner appointed by the court, shall act for the present.

"It is further ordered that W. J. Hooper, of Gregory, South Dakota, be, and he is hereby appointed by this court as Special State's Attorney to proceed further in said action, as shall be deemed advisable, and as such Special State's Attorney he is hereby substituted as plaintiff in the above entitled action in place of the said Edward Prchal.

"Dated September 1, 1933."

Subsequently hearing was had upon an application of the state's attorney Prchal to set aside and vacate the order last above, which the circuit judge refused to do, stating that, though there was nothing to connect the defendant, Tarr, with any agreement concerning the building of a courthouse as charged in the Fulwider affidavit, nevertheless he deemed it advisable to hear and decide the proceedings against Tarr on the merits. The proceedings against Tarr in the circuit court proceeded from that point forward in the name and under the charge and direction of Mr. Hooper by virtue of his appointment as "special state's attorney" under the court order of September 1, 1933, hereinbefore set out.

The learned trial judge made lengthy findings of fact determining that Tarr had been guilty of certain misconduct and nonfeasance. The court found no corrupt or improper motive on the

part of Tarr and none of the acts of omission or commission were chargeable to Tarr individually any more than to the other two members of the board of county commissioners of Gregory county To illustrate, the acts of nonfeasance found by the court consisted in the facts that the board of county commissioners made a tax levy in the year 1931 without first preparing and adopting an annual budget pursuant to chapter 79, Laws 1927, and that the board of county commissioners failed and neglected to require the superintendent of the county poor farm to furnish a bond in the sum of $500 as required by law, and to file a detailed report in writing with reference to the admission of each inmate, etc., as contemplated by section 10058, Rev. Code 1919. The misconduct found by the court consisted of matters such as the making of an unauthorized payment in settlement of a controversy that had arisen concerning the leasing of certain land which the county had acquired by foreclosure of a permanent school fund mortgage; the unauthorized compromise of taxes in a number of instances (the compromise attempted in each case being the unanimous action of the commissioners and there being no finding of any corruption or personal profit) ; lack of due care and diligence in looking after the rental of properties which the county had acquired by tax deed, etc. On these findings the learned trial judge entered conclusions of law as follows:

"1. The Court concludes from Findings of Fact paragraphs 3, 4, 6, 7, and 8 that each constitutes misconduct, but standing alone they are not sufficient grounds to warrant judgment of removal.

"2. As to paragraphs 5 and 9, the Court concludes that they each constitute nonfeasance, but that they are not sufficient to warrant removal.

"3. The Court concludes that from all of the foregoing Findings of Fact it would not be warranted in making judgment of removal, but should make judgment of dismissal."

Pursuant to such conclusions the court entered judgment dismissing the proceedings and restoring Tarr to his office of county commissioner.

From this judgment an appeal has been attempted, and the recital of appellant's brief in that regard is as follows: "From this judgment and the whole thereof, an appeal has been duly perfected to this court by the Special State's Attorney."

 It is the contention of appellant that, under our statute, if any misconduct, malfeasance, or nonfeasance on the part of the officer charged is found as a fact, then the court where the proceeding is pending has no option whatsoever but is absolutely compellable as a matter of law to enter judgment of immediate ouster from office. With this contention we are unable to agree. The proceeding is at least quasi judicial in nature, and we are convinced that the trial court has some discretion in the matter, and that it is for the trial judge to determine in the first instance, doubtless subject to review in each particular case whether, under all the circumstances, the given misconduct, malfeasance, or nonfeasance found, if any is found, is sufficient to justify or require removal from office. There are many cases where judgment of removal has been entered, and the question is whether or not the facts found are sufficient to justify such judgment. We have discovered no helpful cases where, as here, the judgment of the trial court was favorable to the officer and an appeal was predicated on the theory that the facts disclosed by the records affirmatively required removal. In the instant case, however, we think we need not undertake, and probably have no jurisdiction, to review the question of whether or not the learned trial judge has abused his discretion, or to decide whether the facts found as a matter of law affirmatively require the entry of judgment of ouster. Nor need we decide whether in such a proceeding as this relator can in any event appeal from a judgment in favor of the officer; respondent contending that no such appeal can ever be taken.

 The state's attorney is a constitutional officer, duly elected by the people of his county. If he misconducts his office, remedies exist under our statutes, but we know of no authority whatsoever residing in the circuit court to do what was undertaken in this case by the order of September 1, 1933. We are of the opinion that the attempt to oust the state's attorney of Gregory county and to appoint Mr. Hooper as "special state's attorney" and to substitute him as relator in place of the state's attorney in the proceedings against Tarr and authorize him to proceed therewith was entirely beyond the power of the court, and of no validity whatever. State v. Flavin (1915) 35 S. D. 530, 153 N. W. 296, Ann. Cas. 1918A, 713. If the court believed that the state's attorney was abusing his office or misconducting himself in the

Tarr case, doubtless the Attorney General might have been called in or other proper steps might have been taken, but the court was not thereby authorized summarily to displace and substantially oust a constitutional officer, duly elected by the people, and substitute a nominee of the court in his place and stead. We think the attempted appointment was unauthorized and void and could confer no power whatsoever upon the appointee, whose acts thereunder can have no force or effect, and we think all further proceedings in the matter after the attempted substitution were a mere nullity.

The judgment of this court must therefore be for the dismissal of the appeal; no costs to be taxed in this court.

All the Judges concur.