VESELY, Respondent v. CHARLES MIX COUNTY, et al, Appellants

(287 N. W. 51.)

(File No. 8237. Opinion filed July 15, 1939.)

*R. K. Janda* and *F. B. Morgan,* both of Wagner, for Appellant Charles Mix County.

*Paul A. Kern,* of Lake Andes, for Respondent.

ROBERTS, J. This is an action against Charles Mix County and White Swan Township, brought to recover damages alleged to

have been caused by the construction and maintenance of improvements on a public highway adjacent to the premises of the plaintiff. A demurrer to the complaint having been overruled, the defendant county appeals.

It is alleged that by reason of interference with the natural and normal flow of water by the failure of the defendants to place culverts in a grade constructed by them and the improper location of a bridge "surface waters accumulated and backed up on the lands of the plaintiff after rainstorms and remained stagnant thereon for long periods of time" destroying crops, and that these damages were "due entirely to the negligence of the defendants in the construction" of the grade and "to the negligence of the defendant Charles Mix County in the construction and maintenance" of the bridge. Counsel for plaintiff asserts that these damages caused by defendant are within the contemplation of Section 13 of Article VI, State Constitution, providing that "private property shall not be taken for public use, or damaged, without just compensation"; that by necessary implication the state has consented to actions against counties for injuries to private property "damaged" by them. This Section of the Constitution has reference to private property "taken" or "damaged" as is contemplated in the exercise of the power of eminent domain. The cause of action sought to be stated by plaintiff is based upon negligence and not for the damaging of private property without compensation. The constitutional provision under consideration was never intended to apply to damages based upon the negligent construction or design of a public work. The question whether there is an implied consent under the constitution to sue the state or one of its governmental subdivisions to recover damages caused by the exercise of the power of eminent domain is not involved.

The defendant county contends that it exercises a delegated function of sovereignty in constructing and maintaining highways and bridges and is not liable in the absence of statute authorizing an action against it for negligent performance of such duty. The general rule that a county is not liable for an injury caused by the negligent construction and maintenance of public highways and bridges, unless liability is expressly fixed by statute, is too well settled to require discussion. See Bailey v. Lawrence County, 5 S. D. 393, 59 N. W. 219, 49 Am. St. Rep. 881; Hani-

gan v. Minnehaha County, 47 S. D. 606, 201 N. W. 522; Robinson v. Minnehaha County, 65 S. D. 628, 277 N. W. 324. The legislature has not given to an abutting owner the right in any statute to bring an action against a county for damages resulting from the diversion of waters from their usual course of flow and caused by negligent construction or maintenance of any improvement upon a public highway. Sections 8589 and 8590, Rev. Code 1919, amended by Chapter 167, Laws 1931, and Section 61, Chapter 333, Laws 1919, impose a liability upon counties for damages resulting to travelers upon the highway from injuries caused from negligent maintenance. See Robinson v. Minnehaha County, supra. It is clear that the instant case is not within the purview of these statutes. Plaintiff, however, contends that the rule of nonliability of a county for damages is subject to an exception where a county creates a nuisance to the special injury of a citizen, citing 14 Am. Jur., Counties, § 52; that the creation of a nuisance is not an attribute of sovereignty. The facts alleged in the complaint do not bring this case within such nuisance doctrine. The alleged omission of the county was mere negligent conduct incident to and in the direct course of the performance of a statutory duty and was not an act separate and apart from the duty of constructing and maintaining highways and bridges delegated by the state. The contention of counsel cannot be sustained and it follows that the demurrer should have been sustained.

The order appealed from is reversed.

WARREN, P. J., and SMITH, J., concur.
POLLEY, J., concurs in the result.
RUDOLPH, J., not sitting.