WILLIAMS, Respondent v. WESSINGTON TWP., Appellant

(14 N. W.2d 493.)

(File No. 8657. Opinion filed May 12, 1944.)

Rehearing Denied June 28, 1944.

**Max Royhl** and **George E. Longstaff,** both of Huron, for Appellant.

**Temmey & Luby, of Huron,** and **Charles P. Warren,** of Pierre, for Respondent.

ROBERTS, J.   This is an appeal from a judgment recovered against Wessington Township, Beadle County, for damages arising from injuries sustained on account of a defect in a secondary road over which plaintiff was traveling shortly after midnight on May 3, 1941, in an automobile driven by her husband.   They ran into a washout in an approach to a bridge and plaintiff sustained personal injuries.

■ ■   Counties and townships, being quasi corporations, are not liable in the absence of statute imposing liability for injuries caused by defective highways.   Robinson v. Minnehaha County, 65 S. D. 628, 277 N. W. 324.   The reason assigned for the rule of non-liability at common law is that counties and townships are political subdivisions of the state exercising a part of the sovereign powers of the state and liable only to the extent the state itself would be in the absence of statute imposing liability.   Bailey v. Lawrence County, 5 S. D. 393, 59 N. W. 219, 49 Am. St. Rep. 881. A distinction in this respect is recognized between quasi corporations and municipal corporations.   The general rule is that cities and towns are liable for injuries sustained in consequence of their failure to use due care to keep their steets in a reasonably safe condition for public travel.   Norberg v. Hagna, 46 S. D 568, 195 N. W. 438, 29 A. L. R. 841; Jensen v. Juul, 66 S. D. 1, 278 N. W. 6, 115 A. L. R. 1280.

Prior to 1915 we had no statute imposing liability on townships.   Hanigan v. Minnehaha County, 47 S. D. 606, 201 N. W. 522.   By Chapter 210, Laws 1915, townships were made liable under certain circumstances for injuries sustained because of defects in highways, culverts and bridges. This statute, revised and re-enacted as SDC 28.0913, reads as follows:

"In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such an extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defect or across such highway of sufficient

height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert, or bridge in like manner.

"Any person who shall sustain injury to person or property by reason of any violation of this section shall have a cause of action against the county, township, city, or town as the case may be for such damages as he may have sustained.

Under the provisions of SDC 28.0401, the governing board of a township is charged with the responsibility of repairing and maintaining all secondary roads in the township.

The assignments of error bring before us for review the correctness of the interpretation by the trial court of the provisions of section 28.0913, supra. The court instructed the jury that "the twenty-four hour provision in the statute does not mean that the board, after receiving notice of the defect, could, in all cases, wait until the twenty-four hours had almost expired before erecting the guards, nor under all circumstances must they erect them immediately. But the statute does mean that the board must erect reasonable warnings and substantial guards to protect the traveling public within a reasonable time, not more than twenty-four hours, after having notice of the defect."

██ ██ The argument in support of the instruction is that the statute has brought within the operation of the law of negligence a class of cases not heretofore actionable, and that the general principles of negligence are applicable in the absence of a statutory provision to the contrary. As a general rule, in order to render a municipal corporation liable under the common law for injuries resulting from a defective condition in a street or sidewalk, which it has not itself created or authorized, it must have had knowledge or notice thereof a sufficient length of time before an injury to afford a reasonable opportunity to remedy the condition or to take other precaution to guard against injury. Smith v City of Yankton, 23 S. D. 352, 121 N. W. 848; Schuler v. City of Mobridge, 44 S. D. 488, 184 N. W. 281; Clementson v Union

County, 63 S. D. 104, 256 N.W. 794. There is in such instances no fixed or definite rule as to what length of time a defect must have existed to furnish notice. Much depends upon the character of the defect and upon the circumstances and surroundings. It is contended in the present case that the statute has limited to twenty-four hours this rule of reasonable notice.

We are unable to concur in this construction of the statute. The liability is statutory and townships are liable for damages caused by defective highways, culverts or bridges to the extent only that they are made so by statute. There is no common law liability for negligence in this connection. The statute creates the right of action against townships and does not merely modify an existing right. Liability attaches under the statute only when the township board has had notice of the defect at least twenty-four hours prior to the time of injury. Cf. Brady v. City of Lowell, 3 Cush., Mass., 121; Wagner v. Board of Com'rs, 103 Kan. 719, 176 P. 140, 665; Hurley v. Bowdoinham, 88 Me. 293, 34 A. 72; Allen v. Cook, 21 R. I. 525, 45 A. 148. The instruction given permitted the jury to hold defendant township liable without proof of such notice. It follows that defendant is entitled to a reversal of the judgment. We do not believe, however, that this is a proper case for direction to the trial court to enter judgment of dismissal. Froke v. Watertown Gas Co., 68 S. D. 266, 1 N. W.2d 590; General Tire & Rubber Co. v. Hamm, 69 S. D. 72, 6 N. W.2d 442.

For reasons stated, the judgment appealed from is reversed.

All the Judges concur.