JERAULD COUNTY, Respondent v. SAINT PAUL-MER-
CURY INDEMNITY COMPANY, Appellant

(71 N.W.2d 571)

(File No. 9501. Opinion filed July 22, 1955)

Rehearing denied September 3, 1955

4

 

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Appellant.

**Charles R. Hatch,** Wessington Springs, for Plaintiff and Respondent.

RENTTO, J. The respondent Jerauld County pursuant to the provisions of SDC 27.19 and acts supplementary thereto, established and maintained a county hospital designated and known as Memorial Hospital. It was managed by a Board of Trustees. The trustees bought public liability insurance from the appellant indemnifying the hospital against loss by reason of liability imposed by law or contract in the operation of the hospital. This action was brought to recover the amounts paid by the county to appellant as premiums for such insurance together with interest thereon.

In its brief respondent states the reasoning on which its cause of action is premised as follows: "The basis of the action is that there is no liability on the part of the plaintiff county for the liabilities insured against and therefore no consideration for the premiums paid and that the premiums paid are recoverable under the provisions of SDC 31.0603 (1)". This section in substance provides that the insured is entitled to the return of the premiums paid where the insurer has never incurred any risk or liability under the policy for which the premium was paid. Grabinski v. United States Annuity & Life Ins. Co., 33 S.D. 300, 145 N.W. 553. Appellant contends that under insurance furnished, it assumed risks and liabilities for which the county was liable. Appellant's motion to dismiss the complaint for failure to state a claim upon which relief could be granted was overruled. On respondent's motion for judgment on the

pleadings, judgment was entered as requested. This appeal is from the judgment so entered.

■ It is well settled in this state that no action lies against a county in the absence of statute to the contrary, for the negligence of its officers, agents, or employees. Bailey v. Lawrence County, 5 S.D. 393, 59 N.W. 219; Hanigan v. Minnehaha County, 47 S.D. 606, 201 N.W. 522; Brown v. Roberts County, 49 S.D. 173, 206 N.W. 479; Cain v. Meade County, 54 S.D. 540, 223 N.W. 734; Robinson v. Minnehaha County, 65 S.D. 628, 277 N.W. 324; Vesely v. Charles Mix County, 66 S.D. 570, 287 N.W. 51; Arms v. Minnehaha County, 69 S.D. 164, 7 N.W.2d 722; Williams v. Wessington Twp., 70 S.D. 75, 14 N.W.2d 493. See also Jackson County v. Dufty, 8 Cir., 147 F.2d 227; Minnehaha County v. Kelley, 8 Cir., 150 F.2d 356. The reason for this rule has been made manifest.

In the Bailey case the Court said [5 S.D. 393, 59 N.W. 221]: "The ground upon which it is held that counties are not liable for damages in actions of this character is that they are involuntary political divisions of the state, created for governmental purposes, and are organized without regard to the consent or dissent of the inhabitants". In the Williams case it is stated [70 S.D. 75, 14 N.W.2d 494] "The reason assigned for the rule of non-liability at common law is that counties and townships are political subdivisions of the state exercising a part of the sovereign powers of the state and liable only to the extent the state itself would be in the absence of statute imposing liability." In the Cain case the Court said [54 S.D. 540, 223 N.W. 736] "If, although the duty is imposed by contract and not by statute, it is still acting in a sovereign function, requiring a waiver of immunity before it can be held". In Jensen v. Juul, 66 S.D. 1, 278 N.W. 6, 8, 115 A.L.R. 1280, after discussing the tort liability of a municipal corporation proper the Court went on to say "On the other hand, counties, civil townships, and school districts classified as quasi public corporations are merely instrumentalities of the state for the purpose of carrying into effect the functions of government, and, as such, are not liable for damages caused by neglectful performance of such duties, unless cause of action is expressly

given by statute." The rule of nonliability and our reasons therefor are supported by the weight of authority. 14 Am. Jur., Counties §§ 48, 49; 20 C.J.S., Counties, § 215.

Appellant contends that the immunity from liability which a county enjoys is available if the activities by which the damage is occasioned is a governmental function, but if the activity is proprietary in character there is no immunity from liability. Since we are of the view that the activity here involved is governmental in character a decision of this question in this case becomes unnecessary. Nor do we determine whether a county in this state can ever be said to be performing a function which is proprietary in character.

■ ■ SDC Supp. 50.0101 makes it the duty of the county to relieve and support all poor and indigent persons having a lawful poor relief settlement therein. In this general duty is included, among other things, the specific duty to provide hospitalization, medical care and treatment. South Dakota Employers Protective Association v. Poage, 65 S.D. 198, 272 N.W. 806. In the acceptance of this duty the county has no choice. It does however have a choice as to the means by which the hospitalization, medical care and treatment are to be provided. SDC 50.0201. SDC Supp. 50.0204. Bartron v. Codington County, 68 S.D. 309, 2 N.W.2d 337, 140 A.L.R. 550. If the electors of the county petition and vote to establish a county hospital as authorized by SDC Supp. 27.19, the county may utilize such facility in providing the enumerated services.

■ Appellant argues that since the establishment of a county hospital is a matter of choice to be determined by the electors of the county, its maintenance and operation by the county is a proprietary function. It seems to us that the character of the activity here involved must be determined from the nature and purposes of the duty imposed. That various means for discharging the duty are permitted does not alter the character of the activity.

■ ■ In State ex rel. Hurd v. Blomstrom, 72 S.D. 526, 37 N.W. 2d 247, at page 250, this Court said "It has been said that if a municipal corporation 'is made, by the state, one of its instruments, or the local depository of certain limited and prescribed political powers, to be exercised

for the public good in behalf of the state rather than for itself' the function is governmental. Also that 'The governmental functions of a municipal corporation are those conferred or imposed upon it as a local agency, to be exercised not only in the interest of its inhabitants, but also in the advancement of the public good or welfare as affecting the public generally.' However, if the powers are conferred, not primarily or chiefly in the interest of the state at large, but for the private advantage of the incorporated community, they are proprietary." While this was written concerning a municipal corporation we believe these definitions are equally valid in determining the character of county activities.

■■■■■ Governmental support of the poor and indigent has long been recognized as a means of promoting the general welfare of the state. It is an exercise of the police power of the state. The same is true when the assistance provided is hospitalization, medical care and treatment. In this, as in every other activity, a county has only such powers as are given to it by the state. South Dakota Employers Protective Association v. Poage, supra. We believe it must follow that when a county maintains and operates a hospital under authority of SDC Supp. 27.19 it acts in a governmental capacity. This appears to be the majority rule. Elliott v. Lea County, 58 N.M. 147, 267 P.2d 131; Waterman v. Los Angeles County General Hospital, 123 Cal. App.2d 143, 266 P.2d 221; 41 C.J.S., Hospitals, § 8(b); 26 Am.Jur., Hospitals and Asylums, § 13. The same rule prevails when the operation is by a municipality. 25 A.L.R.2d 227; Calomeris v. District of Columbia, D.C., 125 F. Supp. 266. The fact that the hospital is public and available to paying patients does not deprive the activity of its governmental character. 25 A.L.R.2d 229. The charge to such patients is only the cost of their care and as collected it is credited to the county poor fund. SDC 50.0108.

■■■■■ In a few jurisdictions it is held that the admittance of paying patients destroys the hospital's immunity from liability—at least to the paying patient. These cases are collected in 25 A.L.R.2d 230. They are definitely a minority. Judge Holtzoff, while not in sympathy with the general rule granting immunity from liability expressed his

thoughts about the distinction made by these minority cases thus "It would seem abhorrent to conclude that a municipality is to be held to a greater degree of diligence to a patient who pays for his care in whole or in part, than to a poor person who is unable to pay anything." Calomeris v. District of Columbia, supra [125 F.Supp. 268]. In this connection it is proper to observe that one who today is a nonpaying patient in a county hospital may later on be in a position to pay for the services rendered him. The legislature has recognized this and has made available to the county means for collecting for the services rendered when the ability to pay occurs or is discovered subsequent to the rendition of the service. SDC Supp. 27.1906.

 In maintaining and operating Memorial Hospital, Jerauld County was immune from liability on account of damages occasioned by the negligence of its employees or servants. SDC 12.1801 permits a county to sue and be sued. This is a waiver of its immunity from suit, Pommarane v. Washabaugh County, 61 S.D. 422, 249, N.W. 734, but is not a waiver of its immunity from liability. Hamilton v. Jefferson County, 209 Ala. 517, 96 So. 628; 49 Am.Jur. § 77, p. 291; 81 C.J.S., States, § 215(b), p. 1307. No statute has been enacted in this state depriving a county of its immunity from liability in this regard.

 Appellant very forcefully critizes the rule granting a county immunity from liability and earnestly asks this Court to apply the contrary doctrine. Opposition to the rule exists rather generally and is becoming more intense and wide-spread. However it is a longstanding rule of public policy in this state and as this Court said twelve years ago in Arms v. Minnehaha County, supra [69 S.D. 164, 7 N.W.2d 723], "Be that as it may, the remedy is not by judicial fiat. If there is to be a departure from the rule of governmental immunity, the policy must be declared and the extent of liability should be definitely fixed by legislative action." See also Hanigan v. Minnehaha County, supra. Even as early as the Bailey case it was recognized that a holding of liability by the Court in absence of legislation making them so liable, would be a species of judicial legislation.

The next proposition urged by appellant is that even though the rule of immunity insulates the county from liability for negligence, it is not available to the county if the damage is occasioned by a nuisance resulting from the maintenance or operation of the hospital. None of the cases in this Court concerning governmental immunity from liability have expressly referred to liability resulting from the maintenance of a nuisance. An attempt was made to inject it into the case of Vesely v. Charles Mix County, supra.

A careful study of the opinions of this Court in all the cases concerned with the rule of immunity compels us to the conclusion that the rule is available to a county if the damage complained of is caused by a nuisance arising out of the maintenance of a county hospital. The rule came into the common law as a traditional attribute of sovereignty, and counties in this state are merely instrumentalities of that sovereignty. This makes them quasi public corporations as distinguished from public corporations. Every reason and consideration for holding that a county is immune from liability for damage due to negligence supports with equal vigor a like holding when the damage is occasioned by nuisance.

The reasoning and holding in Bailey v. Lawrence County, supra, were approved in the North Dakota case of Vail v. Town of Amenia, 4 N.D. 239, 59 N.W. 1092. In Anderson v. Board of Education of City of Fargo, 49 N.D. 181, 190 N.W. 808, 810, that Court held that a quasi public corporation was immune from liability for damages occasioned by a nuisance when the activity involved was governmental in character. It is there written "If it be conceded that the board in furnishing and installing such apparatus and needful supplies in a school or on the school grounds is acting in a governmental capacity—and we think this must be conceded—it cannot be charged with the establishing and maintaining of a nuisance in that respect in the absence of a permisive statute to that effect, and there is no such statute in this state. Neither is it liable in an action of negligence if the negligence grew out of some act or acts of the board while acting in a governmental capacity." For other statements of this rule and cases supporting it see

Mokovich v. Independent School District of Virginia, 177 Minn. 446, 225 N.W. 292; Odil v. Maury County, 175 Tenn. 550, 136 S.W.2d 500; Buckholtz v. Hamilton County, 180 Tenn. 263, 174 S.W.2d 455; Barnett v. City of Memphis, Tenn. 269 S.W.2d 906; Bingham v. Board of Education of Odgen City, Utah, 223 P.2d 432.

We are not unmindful of recent cases holding that the rule of immunity does not apply when a nuisance is involved. Kilbourn v. City of Seattle, 43 Wash.2d 373, 261 P.2d 407; Jones v. Kansas City, 176 Kan. 406, 271 P.2d 803; Lloyd v. Chippewa County, 265 Wis. 293, 61 N.W.2d 479. By utilizing the nuisance concept the rule has been judicially relaxed. The distinction between negligence and nuisance is not easily drawn. Under this view the rule of immunity has been avoided by the simple expedient of labeling acts of negligence as a nuisance. In Vesely v. Charles Mix County, supra, this Court rejected the employment of such expedient. If a relaxation of the rule is desired, we are of the view that it must come by act of the legislature, rather than by judical legerdemain.

██ ██ Appellant points out that the policy involved protected the servants and employees of the county employed in the hospital from liability, and claims that this feature is consideration for the premium. This contenton assumes authority in the county to provide such insurance protection. There was no statute granting such authority to the county. Whether such authority could be spelled out from a particular fact situation even in the absence of statute is not presented by this record. In Burns v. American Casualty Co., 127 Cal.App.2d 198, 273 P.2d 605, cited by appellant the county was granted such authority by statute. Gov. Code, Cal. § 1956. In passing we note that the recent session of our legislature enacted legislation for this purpose. Chapter 199, Laws of 1955. However this act does not legalize or validate expenditures previously made for such liability insurance.

██ ██ It is suggested by appellant that its obilgation to investigate and defend claims against the county arising from the maintenance and operation of the hospital is consideration for the premiums paid. It seems to us that this is

without merit. The state's attorney is the county's legal counsel. It is his duty to investigate and defend such claims when they arise. SDC 12.1302. He is a constitutional officer duly elected by the people of his county. Const. art. 9, § 5; State ex rel. Hooper v. Tarr, 62 S.D. 305, 252 N.W. 854. Assistance may be furnished him as provided in SDC 12.1306 or upon a showing of unusual circumstances. Grant County v. Jones, 43 S.D. 6, 177 N.W. 121. He may not be supplanted except as provided in SDC 12.1304. State v. Flavin, 35 S.D. 530, 153 N.W. 296.

The judgment appealed from is affirmed.

All the Judges concur.