Donald DEFENDER, Plaintiff,

v.

The CITY OF McLAUGHLIN, a Municipal Corporation, of the State of SOUTH DAKOTA, Wallace Biederstedt, Defendants.

Civ. No. 968.

United States District Court
D. South Dakota, N. D.

April 10, 1964.

2. This Superior Court decision was based on authority of the February 10, 1964 decision of Hendricks v. State ex rel.

---

Joe L. Maynes, Aberdeen, S. D., for plaintiff.

W. A. Hackett, of Austin, Hinderaker & Hackett, Watertown, S. D., Bormann & Buckmeier of Mobridge, S. D., and Stanley E. Siegel of Agor, Siegel, Barnett & Schutz, Aberdeen, S. D., for defendant City of McLaughlin.

Robert L. Tschetter, McIntosh, S. D., and William R. Tschetter, Watford City, N. D., for defendant Wallace Biederstedt.

BECK, District Judge.

This is a motion for a summary judgment by which the City of McLaughlin seeks a dismissal of the action insofar as its interests are affected and this on a claim that there is no genuine issue as to any material fact and that the City is entitled to such a judgment as a matter of law.

As to the controlling facts there is no dispute. The amended complaint shows the City as a municipal corporation, organized, licensed and existing under the laws of South Dakota, the other defendant also a citizen of this state and the plaintiff a citizen of North Dakota. It is alleged, too, that Wallace Biederstedt, the other defendant, at, before and since the time of the alleged injury, was, has been and is the City's police officer; that he in that capacity was acting under call and by virtue of his office; that he at all times mentioned in the amended complaint was its "agent, employee and servant" and that in the performance of his duties as such police officer and in the process of attempting to arrest the plaintiff for a misdemeanor, allegedly committed in Biederstedt's presence, "did negligently, carelessly, wantonly, recklessly, unlawfully and intentionally fire several shots from a revolver or pistol, one of which struck Plaintiff in the back * * *", causing injuries which allegedly are disabling and permanent.

Other allegations are to the effect that the plaintiff complied with the provisions of Chapter 251 of the 1961 Session Laws of the State of South Dakota; that the City was negligent in its hiring and employing of Biederstedt as its police officer and that such negligence and continuance thereof amounted to actionable nuisance. Aside from those allegations there is in the evidence submitted in conjunction with the motion, undisputed proof that the City at the time of the suit carried liability insurance, limited, however, to a "Manufacturers and Contractors Liability Policy".

■ With those facts admitted under the motion, the City, in the main, rests its defense on the familiar rule, established in O'Rourke v. City of Sioux Falls, 4 S.D. 47, 54 N.W. 1044, 19 L.R.A. 789 (1893) that:

"* * * where the power is conferred upon the municipality as one of the political divisions of the state, and conferred, not for any benefit to result therefrom to such municipality, but as a means in the exercise of the sovereign power for the benefit of the public, the corporation is not

answerable for nonfeasance or misfeasance by its public agents. Maxmilian v. Mayor, 62 N.Y. 160; Eastman v. Meredith, 36 N.H. 284; Robinson v. Greenville, 42 Ohio St. 625; Lafayette v. Timberlake, 88 Ind. 330; Dill. Mun. Corp. (4th Ed.) § 975. In the enactment of ordinances, and in the appointment of officers and agents for their enforcement, the municipality is exercising a governmental authority, and, within its limits, acts as the representative of the state, and its officers are regarded as agents, not of the city corporation, but of the state. Their powers and duties are derived from the law, and not from the city under which they hold their appointment. In Buttrick v. [City of] Lowell, 1 Allen, 172, Bigelow, C.J., says: 'Police officers can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved upon cities and towns by the legislature as a convenient mode of exercising a function of government, but this does not render the cities and towns liable for their unlawful or negligent acts.' See, also, Maxmilian v. Mayor, supra; Norristown v. Fitzpatrick, 94 Pa.St. 121; Hayes v. [City of] Oshkosh, 33 Wis. 314."

For other cases, more recent, showing adherence to the immunity defense in cases of this kind, see Jensen v. Juul et al., 66 S.D. 1, 278 N.W. 6, 115 A.L.R. 1280 (1938) Hurd v. Blomstrom, 72 S.D. 526, 37 N.W.2d 247 (1949), Burkard v. City of Dell Rapids, 76 S.D. 56, 72 N.W. 2d 308 (1955) and Bucholz v. City of Sioux Falls, 77 S.D. 322, 91 N.W.2d 606 (1958). Of particular significance as to the existence of that rule in this state as late as in 1958 and its application to the facts in this case, are the comments in Bucholz, 91 N.W.2d at page 608:

"The law is settled by numerous decisions of this court that a municipal corporation is not liable for the negligence of its officers or agents when in performance of a governmental function, but is liable in the same manner as an individual or corporation for tort committed in its corporate or proprietary capacity. [citing O'Rourke, Jensen, Hurd and Burkard, supra]. The doctrine of respondeat superior under which an employer is liable for the negligent acts of his employees in the course of their employment applies in a proper case to the acts of municipalities done in their corporate or proprietary capacity and liability exists, but not to those which they perform as functions of government delegated by the state. McQuillin, Municipal Corporations, 3rd Ed., § 53.65; Gebhardt v. Village of La-Grange Park, 354 Ill. 234, 188 N.E. 372; Florey v. City of Burlington, 247 Iowa 316, 73 N.W.2d 770; Hill v. Housing Authority of City of Allentown, 373 Pa. 92, 95 A.2d 519. As was noted in Jensen v. Juul, supra, a municipality is not in any instance liable for tortious acts which are wholly outside of the powers conferred upon it. It is, however, liable for the torts of officers and agents acting within the general scope of its corporate powers and in the exercise of proprietary functions even though their acts in a particular case are unauthorized or contrary to specific instructions. If this were not the rule as suggested by the New York court in Augustine v. Town of Brant, 249 N.Y. 198, 163 N.E. 732, a municipal corporation could never be held liable for tort for the reason that no municipal corporation is authorized to do wrongful acts."

But, so runs the argument of the plaintiff, while immunity is available to a municipality in some cases, it is not in this one. Negligence, rather, in hiring and retaining the police officer, it is said, gave rise to an existing nuisance. That situation, it is maintained, led to the inflicting of the alleged injuries and under such

circumstances it is not for the City to hold that it is immune.

Such a position is understandable, prompted as it seems to have been by the statutory definition of a "nuisance", S.D.C. 37.4701 (1960 Supp.)[1], by the observations in Greer v. City of Lennox, S.D., 107 N.W.2d 337 (1961) that:

> " * * * The distinction between governmental and proprietary functions fades into insignificance, however, in an action against a municipality for maintaining a nuisance as, in either event, governmental immunity does not extend to the creation or maintenance of such an improper or unlawful condition. 52 A.L.R.2d 1136".

and by others in Winona v. Botzet, Minn., 169 F. 321 (8 Cir. 1909), 75 A.L.R. 1200, in Warren v. City of Bridgeport, 129 Conn. 355, 28 A.2d 1 (1942) and in Shoemaker v. City of Parsons, 154 Kan. 387, 118 P.2d 508 (1941), which are indicative of like leanings. It loses most of its force, however, in view of the other comment in Greer that:

> " * * * As a general rule, negligence is not involved in nuisance actions or proceedings, and is not essential to the cause of action * * *."

and one more to the effect that a municipality in cases arising out of negligent conduct of the officers and employees in the performance of a governmental function " * * *, *is immune from liability*". (Emphasis supplied). Finally, thereon, no authority has been called to the court's attention warranting a deviation from O'Rourke, on the contrary, in Jerauld County v. Saint Paul-Mercury Indemnity Company, 76 S.D. 1, 71 N.W.

2d 571 (1955), a forceful and clearly expressed adherence to the immunity rule in the comment that:

> "We are not unmindful of recent cases holding that the rule of immunity does not apply when a nuisance is involved. Kilbourn v. City of Seattle, 43 Wash.2d 373, 261 P. 2d 407; Jones v. Kansas City, 176 Kan. 406, 271 P.2d 803; Lloyd v. Chippewa County, 265 Wis. 293, 61 N.W.2d 479 [62 N.W.2d 431]. By utilizing the nuisance concept the rule has been judicially relaxed. The distinction between negligence and nuisance is not easily drawn. Under this view the rule of immunity has been avoided by the simple expedient of labeling acts of negligence as a nuisance. In Vesely v. Charles Mix County [66 S.D. 570, 287 N.W. 51], supra, this Court rejected the employment of such expedient. If a relaxation of the rule is desired, we are of the view that it must come by act of the legislature, rather than by judicial legerdemain."

▆▆ As for the plaintiff's further contentions in the arguments on the motion that the City's liability insurance operated as a waiver of its immunity defense, suffice it to say: (1) that the policy did not extend to or cover negligent acts of its officer in the performance of his official functions; (2) Chapter 276, South Dakota Session Law, 1959, grants power to a municipality for procuring of liability insurance but only to the extent it "may be legally liable"; and (3) there are no other legislative expressions or indications that the case law on this point otherwise has been modified or relaxed.

Motion granted.

---

1. "A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:
   "(1) Annoys, injures, or endangers the comfort, repose, health, or safety of others;

"(2) * * *
"(3) * * *
"(4) In any way renders other persons insecure in life, or in the use of property."