SHAW, Appellant v. CITY OF MISSION, Respondent

(225 N.W. 2d 593)

(File No. 11427. Opinion filed February 6, 1975)

Arthur Bunce, Terry L. Pechota, Mark Meierhenry, Stephen Pevar, South Dakota Legal Services, Mission, for plaintiff and appellant.

Wally Eklund of Johnson, Johnson & Eklund, Gregory, for defendant and respondent.

DOYLE, Justice.

The plaintiff appeals from a judgment of the circuit court dismissing the plaintiff's suit against the defendant City of Mission.

On or about July 29, 1972, the plaintiff was stopped by police officers employed by the defendant City. The officers directed the plaintiff to accompany them to the Mission police station, leaving his automobile parked on the shoulder of the highway unattended. When the plaintiff returned, approximately an hour and a half later, the motor vehicle had been vandalized resulting in substantial damage.

The trial court dismissed the suit holding the City of Mission to be immune from tort liability under the doctrine of sovereign immunity.

We are asked by the plaintiff to judicially abrogate the doctrine of sovereign immunity as applied to municipal corporations within this state.

The law on sovereign immunity has become well established in this state. Jerauld County v. Saint Paul-Mercury Indemnity Co., 76 S.D. 1, 71 N.W.2d 571; Defender v. City of McLaughlin, South Dakota, D.C.S.D., 228 F.Supp. 615; Conway v. Humbert, 82 S.D. 317, 145 N.W.2d 524. We feel this court's position on sovereign immunity as applied to municipal corporations is well stated in Conway v. Humbert, supra:

"The legislature within constitutional limitations unquestionably has control over the liability to which the state and its governmental subdivisions and agencies may be subjected for tort. The legislature recognizing the nonliability of counties and townships for tort in the absence of legislation subjected them together with municipalities to liability for injuries sustained because of defective highways. SDC 1960 Supp. 28.0913; Robinson v. Minnehaha County, 65 S.D. 628, 277 N.W. 324; Williams v. Wessington Township, 70 S.D. 75, 14 N.W.2d 493. A municipality and its governing board are specifically exempted from tort liability where the activity engaged in is the improvement, maintenance or operation of a park which is under the supervision of a park board. SDC 45.2539; see Glirbas v. City of Sioux Falls, 64 S.D. 45, 264 N.W. 196. There is statutory provision permitting counties and cities operating hospitals to contract for liability insurance protecting hospital employees against liability for negligence or malpractice. Ch. 199, Laws of 1955. A subsequent statute, Ch. 276, Laws 1959, authorizes a municipality to obtain insurance coverage 'against such acts or omissions for which the municipality may be legally liable.' The legislature, aware of the rule of immunity, limited the extent of coverage. See Jerauld County v. St. Paul Mercury Indemnity Co., 76 S.D. 1, 71 N.W.2d 571." 82 S.D. at 322, 145 N.W.2d at 527.

Furthermore, the legislature in 1974 submitted an amendment to the South Dakota Constitution* containing the following:

*"Section 12. Sovereign immunity.* The state, counties, cities, towns, and all other units of local government shall have no immunity from suit or liability for injury to a person or property, but the Legislature may provide reasonable limitations."

The amendment was rejected by the electorate. In our view the question of sovereign immunity in the present posture of the

* Ch. 1, § 12, S.L.1974, proposed amendment to the Constitution of the State of South Dakota, 1974 Pocket Supplement SDCL Vol. 1, p. 6.

doctrine is for the legislative branch of government rather than the judiciary.

Affirmed.

DUNN, C. J., and WINANS, J., concur.

WOLLMAN and COLER, JJ., concur specially.

WOLLMAN, Justice (concurring specially).

Although I concur in the result reached in the majority opinion, I attach no significance to the rejection by the electorate of the proposed amendment to the constitution in view of the fact that Section 12 was but one of some 17 separate sections contained in the proposed amendment.

I am authorized to state that Justice COLER joins in this special concurrence.