**SCHAFFER, Plaintiff-Appellant, v. BOARD OF TRUSTEES OF THE FRANKLIN COUNTY VETERANS MEMORIAL, JAMES McHUGH CONSTRUCTION COMPANY, and S. G. LOEWENDICK, d. b. a. S. G. LOEWENDICK & SONS, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5961.   Decided November 3, 1959.

Schwenker, Teaford, Brothers & Solsberry, Charles V. Schwenker, of Counsel, Columbus, Earl Allison, Pros. Atty., George Ruble, Jr., Asst. Pros. Atty., Columbus, for plaintiff-appellant.

Sebastian, Fais & Durst, Arthur M. Sebastian, of Counsel, Columbus, for defendant-appellee Board of Trustees.

Vorys, Sater, Seymour & Pease; James O. Seymour, of Counsel, Columbus, for defendant-appellee James McHugh Construction Company.

John P. Moloney (since deceased), Columbus, for defendant-appellee, S. G. Loewendick & Sons.

(SKEEL, J, of the Eighth District, sitting by designation in the Tenth District.)

## OPINION

By DUFFY, J.

In the Common Pleas Court of Franklin County, plaintiff filed a petition alleging that she was a tenant of an apartment on property owned by the defendant Board of Trustees of the Franklin County Veterans Memorial who were charged with the duties of the construction and operation of a new Veterans Memorial Building, pursuant to the provisions of **Chapter 345 R. C.**; that she received injuries on May 29, 1955, when one of the steps on the stairway leading to the apartment gave way. She further alleged that she triped and grabbed for the handrail on her right side; that, as she grasped it, it, too, gave way; and that she fell down the steps onto some brick, stone, lumber, and other building material piled around the stairs by the other defendants, who had contracted for the wrecking and removal of buildings located on the land owned by the Veterans Memorial. As a result of her fall, she was injured; and she alleged that at the time, the premises were under the joint control of the defendant Board of Trustees of the War Veterans Memorial and the members and officers thereof, the defendant James McHugh Construction Company, and defendant S. G. Loewendick, d. b. a. S. G. Loewendick & Sons. There was a further allegation that the defendants failed to maintain the handrail in a safe condition as required by §4107.14 R. C., and as required by the Code of the City of Columbus, Ohio.

When the case came on for trial, the defendants made motions for judgment on the pleadings, which motions were sustained on behalf of all the defendants. The basis for sustaining the motion as to the Board of Trustees of the Franklin County Veterans Memorial was that there could be no liability on the part of the county or its agent in the absence of some statute imposing such liability. As to the other defendants, the defect which caused the plaintiff's injury was not alleged to have been caused by any action of those defendants.

The plaintiff has appealed from the judgment entered for the defendants after the sustaining of the motions and asserts three assignments of error which are similar, namely, that the court erred in sustaining the motion for judgment on the pleadings as to the three respective defendants.

The first assignment of error involves an agency of the county and raises the question as to whether a county in Ohio can ever be held liable for its negligence in the absence of statutory authority. The argument for the immunity of the county is based upon the proposition that the county, being a subdivision of the state concerned solely with governmental matters, shares the state's sovereign immunity. See **Commissioners of Hamilton County v. Mighels, 7 Oh St 110**, which was

decided by the Supreme Court of Ohio in 1857 and which overruled a previous case (**Commissioners of Brown County v. Butt, 2 Ohio 349**) (1826), which had imposed liability upon the county.

The Mighels case dealt with an injury to a witness who was required by a writ of subpoena to appear and testify at the court house, where she slipped and fell into an unguarded opening, causing her injuries. The court held that the county was not liable in its quasi-corporate capacity, either by statute or by common law, to an action for damages for injuries resulting to a private party by the negligence of the Board of County Commissioners in the discharge of their official functions. Since that time, this case has been cited as authority relieving counties of any responsibility for acts of negligence of their agents unless liability was imposed by statute. See the discussion in **14 O. Jur. (2d), 385**; the discussion of Local Government, Tort Liability, 9 Ohio State Law Journal, 377; **Ebert v. Commissioners of Pickaway County, 75 Oh St 474; Commissioners of Franklin County v. Darst, 96 Oh St 163;** and **Weiher v. Phillips, 103 Oh St 249.**

The appellant in this case seeks to apply to the county the same rule of law that governs liability of municipal corporations, namely, that the city is not liable for negligence in the performance or nonperformance of its governmental functions but is liable for negligence in a proprietary undertaking of the municipal government. See **City of Wooster v. Arbenz, 116 Oh St 281; 156 N. E. 210.**

The petition of the plaintiff alleges that she was a tenant. The length of plaintiff's tenancy was not a question in the trial court and is not a question for this court in determining the liability of a county for injuries resulting from alleged negligence on the part of the county officials in maintaining the premises occupied by the tenant.

In his brief, counsel for the Board of Trustees presents the problem:

"The appellant's whole argument is based upon the contention that the defendant Board of Trustees was exercising a proprietary function and that therefore the liability should be imposed upon these Trustees, who are an arm of the County, on the same basis that municipalities are held liable in tort for claims arising out of the exercise of proprietary functions. Whether or not The Board of Trustees of the Franklin County Memorial has exercised proprietary functions in any sense of that term is open to serious question. Nevertheless, it is the position of the Appellees that it makes no difference whether the function being exercised by the Board of Trustees was governmental or proprietary. In either event, they are immune from suit in tort in the absence of express statutory provisions."

None of the Ohio cases cited by the appellant or the appellee deals directly with a business function being performed by a county. It is interesting to note that most of the cases speak of nonliability for the county commissioners in the discharge of their "official functions" or "where the duty is imposed by law."

The decisions cited also carry the argument that it was established as the common law of the state that the county commissioners were not liable in their quasi-corporate capacity, that the law cannot be changed except by legislation, and that statutes in derogation of the common law

should not be extended beyond the plain meaning of their terms. **Commissioners of Hamilton County v. Mighels, 7 Oh St 110; Commissioners of Morgan County v. The Marietta Transfer & Storage Co., 75 Oh St 244; Ebert v. Commissioners of Pickaway County, 75 Oh St 474; Commissioners of Franklin County v. Darst, 96 Oh St 163, and Weiher v. Phillips, 103 Oh St 249.** See also **Tinsley v. Cincinnati et al, 78 Abs 419.**

In 1857 Judge Brinkerhoff, in his opinion in the case of Commissioners of Hamilton County v. Mighels, supra, page 124, closed with the following comments concerning the overruling of the case of Commissioners of Brown County v. Butt:

"'* * * we do so with extreme reluctance, and with all respect for the judgment and veneration for the memory of the judges who decided it; but, with our convictions, we could not do otherwise, and in overruling it, we are satisfied we are contributing to place the law of Ohio upon a footing of sound principle, as well as in harmony with that of other states, whose jurisprudence, like out own, rests on the basis of the common law."

In **Broughton v. City of Cleveland, 167 Oh St 29, at page 30,** Judge Zimmerman made the following statement concerning the liability of a municipality:

"The generally recognized rule that a municipality is not liable for torts committed by its employees in the exercise of a function of the municipality which is governmental in character has been subject to sharp criticism. It is argued that such rule having its origin in the ancient and obsolete maxim that 'the king can do no wrong' has no place in this modern day with its enlightened sociological concepts and governmental changes, and that the rule of nonliability is unfair and unjust in that the burden of damages resulting from the tortious or wrongful acts of the government should be removed from the person who sustains them and cast upon the whole community comprising the government, which could bear the loss with little hardship or inconvenience, and ought to do so. It must be conceded that this approach is not without logic and force."

Is there any good reason today why we would distinguish between the responsibilities of the counties and the municipalities for the acts of the persons exercising the powers conferred upon them by law? Should it be the law that if the city is operating a parking lot for paying customers, the City can be liable in tort, but that if the county is operating a similar parking lot the county cannot be held liable? See **Cutnaw v. City of Columbus, 107 Oh Ap 413, 157 N. E. (2d), 373;** see also opinion reported **77 Abs 596, 152 N. E. (2d), 27.** Should there be one rule concerning liability for the city which operates an airport, garage, convention hall, or other business enterprise and a different rule for the county which operates similar enterprises, possibly in direct competition with the municipal operations as well as with private business concerns engaged in the same activities?

As was stated previously, we do not believe that the Supreme Court of Ohio has had before it the problem of the liability of counties while engaging in functions which are definitely nongovernmental and which are predominantly engaged in by individuals or business concerns.

Nowhere in the pleadings or the briefs is the right of the defendants to rent this property questioned, but it cannot be denied that it is not a usual governmental function to rent property to individuals. Neither can it be denied that the county received benefits from the renting of the property.

The county is seeking to avoid the responsibilities that the average landlord would face and is attempting to avoid its responsibilities to the tenants, by asking the court to invoke the rule giving the county absolute immunity from liability. The question should be decided so that counties will know whether proper expenditures are being made. See Jerauld County v. Saint Paul-Mercury Indemnity Co., 71 N. W. (2d), 571.

In two patent infringement cases decided in the Federal District Courts of Ohio, the courts decided that the case of Commissioners of Hamilton County v. Mighels, supra, did not apply and that the benefits secured could not be retained and enjoyed where they were obtained by a wrongful act because to allow it would violate the plainest dictates of justice and common honesty. See Mey v. Commissioners of Logan County, 30 F., 250; and Painter v. Napoleon Township, 156 F., 209, and 190 F., 637. In the Logan County case at page 259, the court recognizes a distinction between the liability of a county for the negligence of its officers causing mere injury to another, without advantage to itself, and the wrongful acts which would result in benefits to the county as well as damage and loss to the injured party.

In **14 O. Jur. (2d)**, 386 and 387, it is stated:

"This distinction between governmental and proprietary functions is also recognized in Ohio in regard to the tort liability of municipal corporations. However, the law in Ohio on this phase of the tort liability of counties would appear to be unsettled because of the dearth of case law on the subject. In one decision, the rule that counties enjoy no immunity from liability for their torts while engaged in a proprietary function was given apparent approval."

The case referred to was that of **Besser v. Board of Commissioners of Muskingum County, 58 Oh Ap 499**, 16 N. E. (2d), 947; but that case dealt with the erection of a county jail and workhouse which was declared to be a governmental function.

In American Law Reports, Ohio has been classified with those jurisdictions which recognize the rule that counties are liable for tort liability when performing private or proprietary functions. See 64 A. L. R. 1545; 101 A. L. R., 1156; and 16 A. L. R. (2d), 1079. However, it is apparent in reading these reports that no cases in Ohio have been cited in which the county has been held liable while engaging in a proprietary function, and it would seem that the statement made by the editors in **14 O. Jur. (2d)**, as to the "dearth of cases" is the more correct one.

There can be many other reasons why the county is not liable for the injuries received by the plaintiff in this case, but common justice dictates that the usual rules respecting landlords and tenants should be applied in a situation such as this. If the county receives the benefits of the landlord, it must also assume the obligations which the law imposes upon those engaged in that form of business activity.

We, therefore, believe that the motion for judgment on the pleadings

should have been overruled as to the Board of Trustees and that the cause should as to them have proceeded to trial.

As to the other two-named defendants, the judgment should be affirmed as the allegations of joint control is insufficient to show where any action on their part was a contributing cause to the alleged injuries.

SKEEL, J, concurs.
BRYANT, PJ, dissents.

### DISSENTING OPINION

By BRYANT, PJ.

While I concur with the decision of the majority of the court in affirming the judgment of the court below dismissing the James McHugh Construction Company and S. G. Loewendick, d. b. a. S. G. Loewendick & Sons, I must respectfully dissent from their decision holding the Board of Trustees of the Franklin County Veterans Memorial subject to liability. It seems to me that no useful purpose is served by a comparison of the liabilities of municipalities and counties. The rule of the general nonliability of counties except in cases where there is express statutory authority imposing liability, is well stated in **14 O. Jur. (2d), 381, Counties, §233,** which reads in part as follows:

"In seeking to ascertain the liability of a county, whether in tort or contract, it must be remembered that counties are but political divisions of the state, organized as a part of the machinery of the government for the performance of functions of a public nature, and that, as such, they partake of the state's immunity from liability. The state is not liable except by its own consent, and so the county is exempt from liability unless the state has consented." (Emphasis added.)

What is quoted above is substantially the same as that found in 14 American Jurisprudence, 213, Counties, §46. See also 20 Corpus Juris Secundum, 1067, Counties, §215, which provides in part as follows:

"Except in a few jurisdictions, it is the general rule that counties are not subject to liability for torts, in the absence of statutory or constitutional provisions which either expressly or by implication impose such liability on them. More strictly, a county is not liable, in the absence of statutory or constitutional provision, for its failure to perform a duty, or for its negligent performance of a duty, when exercising governmental functions and acting as an agency of the state, even when the duty is imposed by statute; and there is no distinction in the application of this rule between the neglect to perform an act which ought to have been performed, and the performance of the duty in a negligent manner."

Of course, the rule is otherwise when suit is authorized by statute, but as I see it, such is not the case here.

For the reasons above set forth the judgment of the court below should be affirmed in its entirety.