COUNTY OF GRANT, SOUTH DAKOTA, Appellant, v. JONES, Respondent.

(177 N. W. 121.)

(File No. 4645.  Opinion filed March 16, 1920.  Rehearing denied June 5, 1920.)

**State's Attorney—Service for County—County's Liability, Former State's Attorney Assisting Re County Suits—Board's Resolution of Employment, Whether Lawful—Statute—County's Non-Statutory Liability.**

Where a former state's attorney who had defended a series of important suits involving large mechanics' lien claims against county, some of which suits were pending when his successor assumed office, and he, anticipating board's action taken a few days later, subsequently took charge of, made trips and took depositions concerning, and defended the remaining suits, his successor not having participated in the trials; the county board having by resolution employed and

retained him to assist in the litigation until final disposition thereof, he to be paid a reasonable compensation therefor, which was paid; **held,** in a suit by county to recover back money so paid, construing Sec. 6014, Rev. Code 1919, providing in part that in civil cases where county is party, where two or more attorneys are employed by opposite party, county commissioners are authorized to employ counsel to assist state's attorney in their trial, at such compensation as may be agreed upon, etc., that even though such section were held to limit power of county commissioners (a question not decided), it should be given a construction consonant to apparent intent of Legislature; that while the record fails to show whether more than one attorney was engaged by the adverse parties in any one of the suits, it does appear that in all a very large number of them so appeared, and that all suits involved but one transaction, and defendant's employment was in harmony with spirit and evident intent of statute; that, regardless of ability of defendant's successor, county board would have been remiss in their duty to county had they failed to retain services of those familiar with this mass of litigation. **Held,** further, that regardless of statute, county commissioners were vested with implied power to afford state's attorney assistance when owing to unusual circumstances, prudence required same.

Polley, J., dissenting.

Appeal from Circuit Court, Grant County. Hon. FRANK ANDERSON, Judge.

Action by the County of Grant, South Dakota, against Robert D. Jones, to recover back moneys paid by plaintiff to defendant for legal services performed. From an order overruling a demurred to the answer, plaintiff appeals. Affirmed.

*Thomas Mani,* for Appellant.

*Robert D. Jones* (pro se), and *George W. Case,* for Respondent.

Appellant cited: Revised Code of 1919, Secs. 5998, 6014; Attorney General Report for 1907-8, p. 219; for 1911-12, p. 585; for 1918, p. 408; State v. Marshall County, 14 S. D. 149.

Respondent cited: 15 C. J. So. 239, p. 547; Jordan & McCallum v. Osceola Township (Iowa), 13 N. W. 344; Bevington v. Woodbury County, 78 N. W. 222, 107 Iowa 424; Mollohan v. Cavender, L. R. A. 1917 D, page 248, and note; Secs. 6014, 5878, Rev. Code 1919.

WHITING, J. This cause is before us upon appeal from an order overruling a demurrer to respondent's answer. The facts,

as confessed by the demurrer, are, so far as material, as follows:

During the years 1917 and 1918, respondent was state's attorney of Grant county. During that time, said county became involved in much litigation growing out of the erection of a courthouse in the construction of which the contractor defaulted. Many suits were brought by lienholders, seeking to hold the county responsible for labor and material. One action for a large amount was brought by the county against a surety company which had become surety for the contractor. Respondent, with certain counsel who assisted him, had represented the county in all of this litigation. Several of the actions had been disposed of when respondent retired from office in January, 1919; but there was still pending a number of cases against the county besides the case of the county against the surety company. Notices had been served for the taking of deposiions by the opposing parties. The county commissioners passed a resolution which, after reciting the fact of the pending litigation, resolved that—

"Robert D. Jones be and is hereby employed and retained to continue and assist in said litigation until final and complete disposition thereof, and that he be paid for his services rendered a reasonable compensation therefor."

Apparently anticipating this resolution, respondent, some four days prior thereto, left upon quite an extended trip to attend upon the taking of depositions in these several matters then pending. After his return, these causes came on for trial, and respondent, assisted by the same counsel who had theretofore assisted him, appeared and tried some at least of the said causes. The county commissioners thereafter issued warrants, reimbursing respondent for the expenses that he had incurred, and compensating him for services rendered. Respondent's successor in office took no part in the trial of any of these causes, nor did he undertake to control the conduct of these matters on the part of appellant. It does not appear that he ever objected to respondent's activity therein, prior to the bringing of this action, though he was present in court when trials were had.

This action was brought to recover the moneys paid respondent, and was brought upon the theory that respondent

was engaged to take charge of such litigation in the place of the state's attorney, and that therefore the employment was unlawful and the money improperly paid. Respondent, in his answer, took the position that, under the facts as pleaded by him and as confessed by the demurrer, the employment was lawful. He interposed a counterclaim, under which he pleaded that, if the contract evidenced by the resolution should be held unlawful, he sought to recover the disbursements made by him, as well as the reasonable value of his services. If the defense was good, we need not consider the counterclaim.

We can see no merit whatsoever in appellant's position. It contends that the resolution passed by its commissioners virtually placed this litigation in the control of respondent to the exclusion of the state's attorney, and has cited the case of State v. Marshall County, 14 S. D. 149, 84 N. W. 775, in support of the proposition that for its commissioners so to contract was unlawful, and the contract based therein void. We do not construe this resolution as attempting in any manner to displace the state's attorney, but merely as providing him with assistance. Under this resolution the control of this litigation was in the hands of the state's attorney if he had seen fit to exercise such control. It is apparent that this present litigation is the outgrowth of some ill will between the respondent and the present state's attorney. Who is responsible and to blame for the existing feeling does not appear, and is not material. That respondent faithfully dscharged his duties under his employment by appellant, that he properly expended the money for which he was reimbursed, and that he rendered full value for all compensation received by him stands undisputed.

Section 6014, Rev. Code 1919, reads as follows:

"In all criminal cases and in all civil cases where the county is a party, where two or more attorneys are employed by the defendant in a criminal case or by the opposite party in suits in which the county is a party, the board of county commissioners is authorized to employ counsel to assist the state's attorney in the trial of such cases, at such compensation as may be agreed upon between the board and the counsel so emp'oyed."

If we had no such statute, we would have no hesitancy in

holding that the county commissioners were vested with implied power to afford the state's attorney assistance when, owing to unusual circumstances, prudence required same. Even though such section should be held to limit the power of the county commissioners, a matter unnecessary for present determination, yet certainly such section should be given a construction consonant to the apparent intent of the Legislature. While it does not affirmatively appear whether or not more than one attorney was engaged by the party or parties adverse to appellant in any one of the matters pending, it does appear that, in all, a very large number of attorneys appeared for such adverse parties. All of these actions grew out of one transaction; all the lien claims could have been united in one action. Respondent's employment was in harmony with the spirit and evident intent of such statute. Regardless of the ability of respondent's successor, appellant's commissioners would have been remiss in their duty to appellant if they had not taken action to retain the services of those familiar with this mass of litigation.

The order of trial court is affirmed.

POLLEY, J. I am unable to agree with the majority of the court in this case. This court, in State v. Flavin, 35 S. D. 530, 153 N. W. 296, Ann. Cas. 1918A, 713, held that the state's attorney could not be supplanted by another attorney appointed by the circuit court. It is true that the county commissioners are authorized to employ additional counsel to assist the state's attorney in certain cases, but this was not such a case as is contemplated by the statute. Nor was defendant employed to assist the state's attorney, but to supplant him, and the conduct of defendant amounted to a plain usurpation of office. When defendant's term of office expired it was his duty to turn the office over to his successor. He should have turned over to his successor the files in the pending cases, including the notices to take depositions that had been served on defendant. It is not claimed that there was not sufficient time after the expiration of defendant's term of office for defendant's successor to have attended to the taking of the said depositions, nor that he could not have performed such service just as efficiently as defendant. Neither is it claimed that the then state's attorney

could not have tried the pending cases just as efficiently as defendant, except that defendant modestly asserts, in his brief, that the county commissioners displayed good judgment when they employed defendant.

It is alleged in the complaint and admitted in the answer that defendant started on his excursion through five different states at the expense of the county without any authority whatever, and without any excuse except his desire to hang on to the county business; for the resolution of the board of county commissioners, under which he claims to have acted, was not adopted until four days after defendant had left the state.

If the ill feeling that existed between defendant and the state's attorney was such that they could not work together, then defendant should have withdrawn from the cases and had no more to do with them.

At page 6 of his brief in this court, defendant makes the following assertion:

"It does not anywhere appear in the complaint nor brief that the state's attorney obtained permission from, nor acted under or upon, the authority of the county commissioners, or of the court, in bringing this action. Section 6011, R. C. 1919, authorizes the state's attorney to commence and prosecute actions in the name of or on behalf of the county, but section 6012 provides that he must obtain authority from the judge of the court by an enforcement on the summons."

To all intents and purposes, this assertion is false, and could have been made with no other intention than to deceive this court and lead us to believe that the present state's attorney commenced this action without the sanction of the judge of the circuit court. Appellant has caused the original summons in the case to be sent to this court. On the face of this summons is indorsed an order signed by the judge of the circuit court, authorizing the state's attorney to commence and prosecute this action to final determination. This fact was known to defendant when he made the above statement in his brief.

I think defendant acted without authority, and that the county should recover back the money paid to him. Defendant's conduct in the matter ought not to be allowed to go unnoticed.

In addition to his lack of courtesy to his. successor in office, his conduct was dishonorable and unprofessional to a reprehensible degree.