2000 SD 50

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jared James SCHWEBACH, Defendant and Appellant.**

**No. 21120.**

Supreme Court of South Dakota.

Considered on Briefs March 21, 2000.

Decided April 12, 2000.

Mark Barnett, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

David Alan Palmer, Sioux Falls, South Dakota, Attorney for defendant and appellant.

GILBERTSON, Justice.

[¶ 1.] Defendant Jared James Schwebach (Schwebach) appeals the portion of the circuit court's sentence revoking his driver's license for life as a part of his criminal sentence for vehicular homicide. Because such a revocation is not authorized by statute, we reverse.

## FACTS AND PROCEDURE

[¶ 2.] On January 29, 1998, Schwebach spent his afternoon drinking alcohol at a bar. A friend who was concerned about his intoxication drove Schwebach home. Despite his intoxicated state, Schwebach left his home in his pickup, driving at a high rate of speed. At approximately 8:02 p.m., his pickup collided head-on with a vehicle containing two high school students, Eric Scharenbroich and Angela Rozeboom, at a bridge near Brandon, South Dakota. Both Scharenbroich and Rozeboom were killed. Schwebach's blood alcohol level an hour and a half after the accident was 0.18%.

[¶ 3.] Schwebach had no history of prior convictions of driving under the influence of alcohol, but had been involved in various misdemeanor and traffic offenses, including exhibition driving, alcohol violations, and leaving the scene of an accident.

[¶ 4.] He was subsequently charged by indictment with two counts of vehicular homicide pursuant to SDCL 22–16–41. On February 5, 1998, the grand jury returned the indictment accusing Schwebach of the two identical counts of vehicular homicide.

He entered not guilty pleas to the two counts.

[¶ 5.] On May 15, 1998, Schwebach changed his pleas to guilty on both counts of vehicular homicide. On July 29, 1998, the circuit court sentenced him to serve twelve and a half years in the state penitentiary on each count, to be served consecutively. Additionally, the circuit court revoked Schwebach's driver's license for life. Schwebach filed a Motion to Correct and Reduce Sentence on June 30, 1999, upon which a hearing was held on July 14, 1999. He argued the revocation of his driver's license for life constituted an illegal sentence. The circuit court denied the motion. Schwebach now appeals the revocation of his driver's license but not the prison portion of his sentence.

## ANALYSIS AND DECISION

[¶ 6.] Schwebach argues that the circuit court lacked statutory authority to revoke his driver's license for the rest of his life. The State agrees, stating in its appellate brief, "[t]he Office of the Attorney General, after legal research and consultation with the Minnehaha County State's Attorney's Office, agrees with [Schwebach] that the trial court erred in refusing to comply with . . . SDCL 22–16–41. . . ." Thus, State concedes error.

[¶ 7.] SDCL 22–16–41 provides:

Any person who, while under the influence of an alcoholic beverage, any controlled drug or substance, or a combination thereof, without design to effect death, operates or drives a motor vehicle of any kind in a negligent manner and thereby causes the death of another person, including an unborn child, is guilty of vehicular homicide. Vehicular homicide is a Class 3 felony. In addition to

any other penalty prescribed by law, *the court may also order that the driver's license of any person convicted of vehicular homicide be revoked for a period of two years subsequent to release from incarceration.* (emphasis added).

This statute plainly limits the authority of circuit courts to revoke driving privileges in vehicular homicide cases for a period of two years subsequent to release from incarceration. "When the language in a statute is clear, certain and unambiguous, there is no occasion for construction, and this [C]ourt's only function is to declare the meaning as clearly expressed in the statute." *State v. Davis,* 1999 SD 98, ¶ 7, 598 N.W.2d 535, 537.

[¶ 8.] A penalty must be authorized by law. 21 Am.Jur.2d *Criminal Law* § 336. Schwebach pled guilty to vehicular homicide. Thus, pursuant to SDCL 22–16–41, the maximum period for revocation of a driver's license is two years subsequent to release from incarceration. As the language of SDCL 22–16–41 is clear, we find the circuit court exceeded its statutory authority in revoking Schwebach's driver's license for life, as there is no language in SDCL 22–16–41 authorizing such a penalty.* Accordingly, that portion of the circuit court's sentence revoking Schwebach's driver's license for life is reversed and remanded for resentencing.

[¶ 9.] Reversed and remanded for proceedings consistent with this opinion.

[¶ 10.] MILLER, Chief Justice, and SABERS, AMUNDSON, and KONENKAMP, Justices, concur.

---

* We note that the 2000 Legislature enacted Senate Bill No. 22 which modifies the driver's license revocation period for vehicular homicide. This enactment amends SDCL 22–16–41 to read, in pertinent part: "In addition to any other penalty prescribed by law, the court may also order that the driver's license of any person convicted of vehicular homicide be revoked for such period of time as may be determined by the court." However, until this bill becomes law on July 1, 2000, the courts of this state are bound by the plain language of the current version of SDCL 22–16–41.