2001 SD 66

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Criss Scott DUFAULT, Defendant and Appellant.**

No. 21712.

Supreme Court of South Dakota.

Considered on Briefs on April 24, 2001.

Decided May 30, 2001.

Mark Barnett, Attorney General, Patricia Archer, Assistant Attorney General, Pierre, SD, Attorneys for plaintiff and appellee.

Jamie L. Damon, Pierre, SD, Attorney for defendant and appellant.

GILBERTSON, Justice.

[¶ 1.] Criss Scott DuFault, who pled guilty to second offense driving under the influence of alcohol, a violation of SDCL 32–23–1, claims the trial court exceeded its authority in revoking his driver's license for fifteen years. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] DuFault, age 47, was arrested for DUI on July 28, 2000 at approximately 5:30 p.m. after a citizen called the Hand County sheriff's office to report a car that was "all over the road" near Miller, South Dakota. He failed field sobriety tests and admitted to having had three drinks within an hour. He provided a blood sample which later analysis revealed a blood alcohol content of .311 percent. This is three times over the "legal limit."

[¶ 3.] DuFault appeared before the trial court on October 23, 2000 and pled guilty to DUI second offense, a class 1 misdemeanor. SDCL 32–23–1. The trial court advised him a violation of this statute carried a maximum punishment of one year in jail, $1,000 fine, payment of court and prosecution costs, and restitution. The court found a factual basis existed for accepting the plea and that DuFault understood his constitutional rights and the maximum possible punishment.

[¶ 4.] The State advised the court that DuFault had eight DUI arrests since 1988, however only one fell within the five-year statutory period provided by SDCL 32–23–4.1, permitting this offense to be charged as a second offense DUI.[1] A partial record of his DUI history follows:

6/88—60 days suspended sentence and fine

11/88—60 days in the state penitentiary

7/90—120 days in county jail

5/95—dismissed by prosecutor

11/95—serve 15 days of suspended one-year sentence, fine, and loss of driver's license for one year

[¶ 5.] The Department of Motor Vehicles records also indicated his driver's license had been revoked for 25 years in 1990, but in February 2000, the Department received an order from a judge reinstating it. Five months later, in July 2000, DuFault was arrested for driving under the influence, the event underlying this appeal. When asked, DuFault told the trial court he could not explain his history of drinking and driving.

[¶ 6.] Immediately prior to sentencing, DuFault quit his job as a journeyman plumber in Pierre, completed substance abuse treatment and was seeking an aftercare program. He had completed similar programs twice before. He had no explanation when the court asked him why he believed treatment would work this time. The court indicated its concern for the safety of the public and protecting them from DuFault's drinking and driving and stated, "Mr. DuFault, for a record like yours it's just dangerous to have you on the streets. You're going to kill somebody." The court then sentenced DuFault to a year in jail and revoked his driver's license for 15 years. DuFault appeals the revocation period.

---

1. This statute provides:

No previous conviction for, or plea of guilty to, a violation of § 32–23–1 occurring more than five years prior to the date of the violation being charged may be used to determine that the violation being charged is a second, third, or subsequent offense.

However, any period of time during which the defendant was incarcerated for a previous violation may not be included when calculating if the time period provided in this section has elapsed.

DuFault's 15–day jail sentence in 1995 did not preclude application of this statute.

## ANALYSIS AND DECISION

■■■ [¶ 7.] DuFault claims any revocation period greater than one year exceeds the trial court's authority under SDCL 32–23–3. He did not raise this issue before the trial court. Failure to do so results in a waiver of the issue before this Court. "To preserve issues for appellate review litigants must make known to trial courts the actions they seek to achieve or object to the actions of the court, giving their reasons." *State v. Nelson*, 1998 SD 124, ¶ 7, 587 N.W.2d 439, 443; SDCL 23A–44–13. Issues not advanced at trial cannot ordinarily be raised for the first time on appeal. *State v. Henjum*, 1996 SD 7, ¶ 13, 542 N.W.2d 760, 763 (citations omitted).

■■■ [¶ 8.] If error is to be found in this 15 year revocation, it can only be by plain error. Where error has not been preserved by objection or otherwise, our inquiry is limited to whether the court committed plain error. *State v. Satter*, 1996 SD 9, ¶ 11, 543 N.W.2d 249, 251. Under the plain error rule, DuFault bears the burden of proving prejudicial error, and we will invoke the rule only "in exceptional circumstances," such as, where a miscarriage of justice has occurred because the defendant is innocent or because the error "may seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Nelson*, 1998 SD 124 at ¶ 8, 587 N.W.2d at 443. For the following reasons, DuFault fails to justify the application of plain error in this case.

■■■ [¶ 9.] We note that SDCL 32–23–3 does provide authority to revoke DuFault's driver's license for 15 years:

If conviction for a violation of § 32–23–1 is for a second offense, such person is guilty of a Class 1 misdemeanor, and the court shall, in pronouncing sentence, unconditionally revoke the defendant's driving privilege *for a period of not less than one year*. However, upon the successful completion of a court-approved alcohol treatment program, the court may permit the person to drive for the purpose of employment and may restrict the privilege by the imposition of such conditions as the court sees fit. If such person is convicted of driving without a license during that period, the person shall be sentenced to the county jail for not less than three days, which sentence may not be suspended.

(emphasis added). Clearly, the trial court had no statutory authority to revoke DuFault's driver's license for any length of time less than one year. By the plain language of the statute, it logically follows that the trial court had the statutory authority and mandate to revoke his driver's license for a period of one year or greater. The trial court did so. There is no statutory "cap" on the court's discretion in fashioning an appropriate revocation period under this statute.[2]

[¶ 10.] In *State v. Groethe*, 439 N.W.2d 554 (S.D.1989), we modified a sentence that revoked the defendant's driver's license for the remainder of his life, citing SDCL 23A–32–19 as authority to do so. We had previously adopted an abuse of discretion test to review lifetime revocations of driving privileges, which we reaffirmed in *Groethe*. *Id.* at 557 (citing *State v. Myers*, 411 N.W.2d 402 (S.D.1987)). The present case involves neither a life-

---

2. We note that the 2000 Legislature expanded the length of time a driver's license could be revoked for a person who causes the death of another while drinking and driving from two years to "such period of time as may be determined by the court." SDCL 22–16–41; *State v. Schwebach*, 609 N.W.2d 130, 2000 SD 50, ¶ 8, n, 609 N.W.2d 130, 131, n.

time revocation and nor a claim by Du-Fault of abuse of discretion.

[¶ 11.] A review of the circumstances of this case shows DuFault's continued disregard for the law, two previous substance abuse treatments, prior incarcerations in jail and the penitentiary, and the court's expressed concern for public safety. As the State notes in its brief, nothing thus far has captured DuFault's attention. No error, plain or otherwise, has been shown on this record. We affirm.

[¶ 12.] MILLER, Chief Justice, AMUNDSON, and KONENKAMP, Justices, concur.

[¶ 13.] SABERS, Justice, concurs in part and dissents in part.

SABERS, Justice (concurring in part and dissenting in part).

[¶ 14.] I agree in part but I would modify the 15 year driver's license revocation to add: "... or until the further order of the circuit court upon adequate proof of alcohol rehabilitation."

[¶ 15.] I believe this modification provides some positive incentive to try to rehabilitate an otherwise hopeless case. In addition, it makes clear that the circuit court has the power to reinstate the driver's license even after the expiration of one year. SDCL 32–23–3. *See also State v. Groethe*, 439 N.W.2d 554, 557 (S.D.1989). In *Groethe*, we modified a revocation "for the rest of his life" to include this language. It is important to note that we did this on our own motion without hiding behind the "plain error" rationale. *Id.*

[¶ 16.] It is not necessary to show error, it is just an improvement on the sentence. As stated in *Groethe* by an almost unanimous court: "We believe that such a provision will comport with the views that sentencing should be consistent with rehabilitation." *Id.*