2005 SD 38

**Curtis W. HANKS, Plaintiff
and Appellee,**

v.

**CORSON COUNTY BOARD OF
COMMISSIONERS, Defendant
and Appellant.**

No. 23054.

Supreme Court of South Dakota.

Argued Oct. 5, 2004.

Reassigned Dec. 13, 2004.

Decided March 16, 2005.

Eldon R. Anson, Curtis W. Hanks of Hanks & Anson, Lemmon, South Dakota, Attorneys for plaintiff and appellee.

Thomas E. Simmons of Gunderson, Palmer, Goodsell & Nelson, L.L.P., Rapid City, South Dakota, Attorney for defendant and appellant.

MEIERHENRY, Justice (on reassignment).

[¶ 1.] The Corson County Board of Commissioners (Board) appeals the decision of the circuit court concerning the validity of a contract the Board entered into with a private law firm. The sole issue is whether the Board had legal authority to contract with an attorney for representation in civil matters on behalf of the county despite having a duly elected state's attorney. The circuit court found that the Board did not have such authority and voided the contract. We reverse and remand.

## FACTS

[¶ 2.] Curtis Hanks was elected part-time state's attorney for Corson County in 2000 and took office in January, 2001. He brought this action after the Board entered into a contract for services with the Bogue and Bogue law firm in January, 2003. The contract provided that in exchange for $25,000, the firm would "provide and be responsible for performing all civil representation regarding the County as may be requested, in state, federal and tribal courts, as set forth in Chpt 7–16" for the 2003 calendar year. The contract did not expressly distinguish between civil actions venued within the county and those venued elsewhere. Hanks appealed the Board's decision to circuit court and argued that the Board lacked legal authority to enter into the contract. The circuit court determined that the Board was "without legal authority to substitute its lawyer of choice for the lawyer that has followed the proper procedure to become the elected state's attorney of Corson County to address civil matters originating within the county." The circuit court therefore held that the contract was void and the decision of the Board was reversed.

[¶ 3.] The Board appeals, arguing that it has legal authority to enter into the contract for legal services. Because the trial court did not determine the extent of legal services contemplated by the contract and because the effects of Curtis Hank's position as an Associate Justice of the Standing Rock Tribal Court were not considered, we reverse and remand for further consideration.

## STANDARD OF REVIEW

[¶ 4.] The question whether the Board of Commissioners had legal authority to act as it did is a legal question which we review de novo. *Kirschenman v. Hutchinson County Bd. of Com'rs*, 2003 SD 4, ¶ 2, 656 N.W.2d 330, 332 (additional citation omitted).

## ISSUE

**Whether the trial court erred in declaring the legal services contract between the Board of County Commissioners and Bogue and Bogue void because the Board exceeded its legal authority.**

## DECISION

*Board's Authority to Contract for Legal Services*

[¶ 5.] The initial question for our consideration is to what extent the Board has authority to contract for legal services for civil matters.

### Board's Authority to Hire Lawyers in Certain Circumstances

[¶ 6.] There is no dispute that the Board is authorized to hire attorneys in certain circumstances specified by law. South Dakota law authorizes the Board to hire attorneys in criminal and civil cases in which the defendant or opposite party has more than one attorney and in civil and administrative cases outside the county if the county or a county official is a party. SDCL 7–16–6 provides:

> In all criminal cases and in civil cases if the county is a party, *if two or more attorneys are employed by the defendant in a criminal case or by the opposite party in civil cases* the board of county commissioners may employ counsel to *assist the states attorney in the trial* of the cases at the compensation that is agreed upon between the board and counsel. In civil cases or administrative proceedings *outside the county* if the county or any county officers are named as parties, the board of county commissioners or county officers, if bringing suit in their official capacities or if sued in their individual or official capacities, may employ the county's state's attorney, deputy state's attorney, limited deputy state's attorney or any firm, association or corporation with whom the state's attorney, deputy state's attorney or limited deputy state's attorney is affiliated, to prosecute or defend the actions, and compensation in addition to the state's attorney's salary may be paid for the legal services.

(Emphasis added). While this statute gives the Board express authority to hire an attorney in certain circumstances, the Board's authority must be determined in conjunction with the state's attorney's responsibilities. The state's attorney's duties are set forth by statute.

### State's Attorney's Duty to Represent County in Court

██ [¶ 7.] The duties of a state's attorney are addressed at SDCL Chapter 7–16. The law requires the state's attorney to "prosecute and defend on behalf of the state or his county all actions or proceedings, civil or criminal, in which the state or county is interested or a party." SDCL 7–16–9. The statute provides as follows:

> The state's attorney *shall* appear in *all* courts of his county and prosecute and defend on behalf of the state or his county *all* actions or proceedings, civil or criminal, in which the state or county is interested or a party. No state's attorney is required to appear in courts outside his county to prosecute and defend on behalf of the state or his county, any action or proceeding, civil or criminal, in which the state or county is interested or a party, except as required under § 7–16–15. If a part-time state's attorney appears in courts outside his county or in federal courts to represent the state or his county, he may receive extra compensation for the legal services pursuant to § 7–16–6.

(Emphasis added).* Through this statute the legislature established that only the state's attorney can represent the county in civil and criminal actions or proceedings in a court within the county. Consequently, only the state's attorney can represent Corson County in court in a civil action in Corson County. A fair reading of SDCL chapter 7–16 does not give the Board authority to hire a lawyer to displace the state's attorney from the duties solely designated to him.

### State's Attorney's Duty to Give Legal Opinions and Advice to County

██ [¶ 8.] The law also requires a state's attorney to give opinions and advice

---

* SDCL 7–16–15 addresses situations where a change of venue occurs.

to the county without fee, if requested by the county. SDCL 7–16–8. The law provides:

> The state's attorney shall give opinions and advice without fee to the board of county commissioners and other civil officers of his county, if requested by the board or officers, upon all matters in which the county is interested or relating to the official duties of the board or officers. However, a part-time state's attorney may receive a fee in addition to the state's attorney's salary for legal services rendered pursuant to contract in behalf of the county or county officers' in civil cases and administrative proceedings outside the county, pursuant to § 7–16–6 or to a board or commission acting pursuant to chapter 46A–10A.

*Id.* The plain meaning of the statute requires a state's attorney to give a county legal advice without charge, in those instances when the board or officers request such advice. The statute leaves the request for advice and opinions to the discretion of the board. The language of the statute implies that a county's use of the state's attorney for advice and opinions is not exclusive, thus leaving it within the discretion of the board to hire an attorney other than the state's attorney for such matters.

*Board's Authority to Retain Counsel for Legal Advice*

[¶ 9.] In support of its assertion that it has authority to hire outside counsel, the Board points to SDCL 7–8–20, which enumerates the powers of county commissioners and provides in part:

> In addition to others specified by law, the board of county commissioners shall have power:
>
> (1) To institute and prosecute civil actions in the name of the county, for and on behalf of the county.

*Id.* We have already recognized that a board's authority is limited by statute and must be considered in conjunction with the state's attorney's duties. However, we also recognize that there may be situations where a board may want its own attorney. For example, a board may be faced with extensive and complicated legal questions that may arise from a county's day-to-day work and these questions may be beyond a full or part-time state's attorney's expertise. Time constraints of a part-time state's attorney could also create problems for a board. Disagreement and conflict between a board and the state's attorney potentially could arise. In fact, citizens may request a state's attorney to bring an action directly against a board, consequently causing a conflict of interest for the state's attorney. SDCL 7–16–14.

[¶ 10.] We acknowledged in *Grant County v. Jones* that there may be circumstances when it is prudent for a board of county commissioners to hire legal assistance for the state's attorney, and the legislature so recognized. 43 S.D. 6, 9–10, 177 N.W. 121, 122 (1920). We said: "Regardless of the ability of [the state's attorney], ... commissioners would have been remiss in their duty to [the county] if they had not taken action to retain the services of those familiar with this mass of litigation." *Id.* at 10, 177 N.W. at 122–123. We did, however, also recognize the limitation that it would be improper to "attempt[ ] in any manner to displace the state's attorney, [rather than] merely [ ] providing him with assistance." *Id.* at 9, 177 N.W. at 122. Today, we further acknowledge that the legislature left discretion with the board of county commissioners to seek civil legal advice and opinions from their own attorney.

[¶ 11.] The statutes defining the state's attorney's duties and the statutes defining the Board's authority can and must be

read in harmony. The Board retains discretion to initiate or defend suits, but its discretion in choosing the attorney to work for them is limited by the duties statutorily assigned to the state's attorney. The Board has no legal authority to replace the state's attorney with another attorney except as specifically permitted by the statutes. This in no way interferes with the Board's ability to defend or initiate suits, and it protects the electorate from having its vote for state's attorney rendered meaningless by the Board. Whether or not hiring its own attorney is prudent or fiscally responsible is for the Board to decide, since its members must stand for election and answer to the citizens of the county.

[¶ 12.] We therefore conclude that the law requires the state's attorney to represent the county in civil and criminal actions and proceedings within Corson County. Nevertheless, the Board has authority to contract for legal services (1) for criminal and civil cases with more than one lawyer in opposition, (2) for representation in counties other than Corson County or in federal and tribal courts, and (3) for legal advice and opinions to the Board.

[¶ 13.] The trial court determined that the contract needed to be reformed or canceled because the Board "was without legal authority to supplant the duly elected States Attorney of Corson County and substitute Bogue to provide 'all civil representation as may be requested' concerning Corson County." The trial court was partially correct in that the Board does not have authority to displace the state's attorney and substitute its own attorney for "all" civil litigation. The trial court, however, failed to acknowledge that the above contract clause also included limiting language in that Bogue was to "be responsible for performing all civil representation regarding the County *as may be requested,*

in state, federal and tribal courts, *as set forth in Chpt 7–16.*" (Emphasis added). It is not clear from this language whether the services to be provided under the contract are limited to those which we have determined the County is allowed to contract for under SDCL Chapter 7–16. On the one hand, it may be a contract for "all civil representation", which would be void in whole or in part as beyond the Board's authority because it displaces the duly elected state's attorney. On the other hand, the contract may be limited to only such representation as the Board may request pursuant to SDCL Chapter 7–16, which would be a valid contract. For this reason, the contract is ambiguous and is not susceptible to a four-corner's interpretation.

[¶ 14.] The case was submitted to the trial court on bare bones stipulated facts. Both parties requested the court to decide the case based upon the language of the contract and the stipulated facts. However, the stipulated facts presented to the trial court do not answer the dispositive question of displacement. While the trial court correctly entered a conclusion of law (denominated as a finding of fact) that the contract could not "supplant" the state's attorney, a finding that such displacement was intended by the ambiguous contract is not supported by further findings concerning the intent of the parties or the subsequent application of the contract.

[¶ 15.] In its findings of fact, the trial court generally found that the contract "addresses all civil legal representation and is not limited to the areas outside Corson County where the State's Attorney has opted not to represent the county as set forth in, SDCL 7–16–9." The court evidently drew this finding from the language of the contract, since it is not supported by the limited record created for the trial court. The Board conceded at

oral argument that there is no evidence in the record, one way or the other, on displacement. Simply stated, there was insufficient evidence in the record from which the trial court could determine the extent of civil legal representation intended by the ambiguous contract. The matter needs to be remanded for the trial court to take additional evidence in light of this opinion. If the intent of the Board is to contract only for those services authorized under the law, it is a valid contract. *See supra* ¶ 12. If the intent and application of the contract is to displace the states attorney, all or portions of the contract may be void.

*Eligibility of State's Attorney*

■ [¶ 16.] This would end the consideration of this case but for information that became apparent to this Court as part of the appeal. Although the matter was not argued, briefed, or presented to the trial court or this Court, we find it necessary to address it. The matter is the eligibility of the state's attorney. The stipulated facts acknowledge that Hanks was on the Supreme Court of the Standing Rock Appellate Court. SDCL 7–16–18 provides: "No state's attorney, while in office, is eligible to hold *any* judicial office." This fact calls into question Hanks' status as a state's attorney. Because we are unable to determine whether a violation of SDCL 7–16–18 disqualified Hanks from serving as state's attorney or had some other legal effect, upon remand the circuit court should hold further proceedings to determine the legal effects of any violation of this law by Hanks.

*Conclusion*

[¶ 17.] We reverse the trial court's decision and remand for further evidence regarding the nature of the legal services contemplated by the Board in order to determine the legality of the legal services contract. We also direct the trial court to determine the effects of Hank's judicial office on both his status as a state's attorney and the legality of the legal services contract.

[¶ 18.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concur.

[¶ 19.] SABERS, Justice, dissents.

SABERS, Justice (dissenting).

[¶ 20.] I dissent because it is clear to me that the Board was attempting an end run around the electorate of Corson County by retaining an attorney of its own choosing to perform duties statutorily assigned to the state's attorney.

[¶ 21.] The majority opinion makes much of the fact that the contract contains a general reference to the set of statutes governing state's attorneys and thereby concludes that "there was insufficient evidence in the record from which the trial court could determine the extent of civil legal representation intended by the ambiguous contract." I disagree because the contract is anything but ambiguous.

[¶ 22.] The Board has consistently argued that state law neither restricts nor limits its ability to hire additional attorneys. The contract provides that Bogue would supply "*all civil representation* regarding the County as may be requested, in state, federal and tribal courts[.]" (emphasis added). The contract does not distinguish between cases wherein the duly elected state's attorney is capable of representing the county and those in which he is not. The contract also failed to distinguish between cases venued within the county, and those located outside the county; a distinction clearly made by the Legislature. Furthermore, there is no evidence in the record to support the majority's apparent position that the one-year con-

tract represents a $25,000 retainer to Bogue for the limited purpose of providing additional legal "advice" to the Board if requested, and for representing the county in the event that it becomes involved in complicated litigation or the action is venued outside of Corson County. The intent of the contract is clear, the Board attempted to displace Hanks by entering into a $25,000 contract with an unelected attorney to perform the same or similar functions as the duly elected state's attorney. We should affirm the trial court in all respects.

[¶ 23.] Both the Board and the majority opinion rely on *Grant County v. Jones* as supporting authority. However, this case is distinguishable: a retiring state's attorney was retained as counsel in order to represent the county in pending litigation. *Grant County,* 43 S.D. at 8–10, 177 N.W. at 122. The new state's attorney attended the trials himself yet did not object to the representation until after the conclusion of the litigation when he attempted to recover the moneys paid to the retired state's attorney for his legal services. *Id.* This Court held that since the new state's attorney failed to object to the representation, he constructively consented to the representation. *Id.* Here, Bogue's representation is not for the limited purpose of representing the County in a specific legal matter, rather it is for "all civil representation regarding the County as may be requested, in state, federal and tribal courts[.]" There is no question that Hanks is objecting to the representation.

[¶ 24.] The majority opinion, on its own, calls into question Hanks status as a state's attorney. However, since Hanks has not been disqualified as Corson County State's Attorney and the County has not requested Hanks to be judicially disqualified on all civil matters, the County has waived these arguments. *State v. Mesa,*

2004 SD 68, ¶ 15, 681 N.W.2d 84, 87 ("Failure to raise an issue before the trial court can constitute waiver of the issue."); *State v. Dufault,* 2001 SD 66, ¶ 7, 628 N.W.2d 755, 757 ("Issues not advanced at trial cannot ordinarily be raised for the first time on appeal.").

[¶ 25.] In fact, this matter has been stipulated away by the county. A stipulation dated May 5, 2003 between the parties provided in part:

1. Curtis W. Hanks was elected States Attorney for Corson County, South Dakota in [the] 2000 general election.

2. Curtis W. Hanks currently serves as Associate Justice on the Standing Rock Tribal Supreme Court.

3. Corson County, South Dakota is regarded as partially being within the exterior boundaries of the Standing Rock Indian Reservation.

Exhibit 1. Another stipulation by the parties of the same date provided in part as follows:

1. Curtis W. Hanks has not been disqualified as Corson County States Attorney, nor has the County requested Curtis W. Hanks be judicially disqualified from representing Corson County, South Dakota on civil matters.

Exhibit 3. Despite these stipulations, the majority opinion, on its own, raises the matter of eligibility under SDCL 7–16–18 which was not argued, briefed, or presented to the trial court or this Court. So much for the honored principle that we will not seek reasons to reverse.

[¶ 26.] For all of these reasons, I would affirm the circuit court's holding that the County lacked legal authority under these circumstances to enter into the contract

for these services and therefore the contract is void.